VIDEAU v. GRIFFIN et al.

21 389
80 97
21 389
d103 317

THE authority of an attorney to execute for his principal a conveyance of real
estate must be in writing, and a deed purporting to have been executed by an
attorney is inadmissible in evidence without proof being first made of the
attorney's written authority.

When a deed has been executed by an attorney without any previous written author-
ity, no subsequent parol acknowledgment of his authority by the principal
will make the conveyance valid.

The only exception to the rule that an authority to execute a deed must be con-
ferred by writing, is when the execution by the attorney is in the presence of
the principal, and to bring a case within this exception it is not sufficient that
the attorney was directed to sign the name of the principal and affix his seal,
but the execution must have been in his immediate presence and under his
immediate direction.

The fact that the execution was in the presence of the principal must be affirma-
tively established by the party who relies upon it as an excuse for the absence
of a power in writing, and it is not to be inferred from any coincidence be-
tween the date of the deed and an acknowledgment of the principal that it
was executed by his attorney.

APPEAL from the Tenth Judicial District.

Ejectment for a lot in the city of Marysville. Both parties
claimed title from John A. Clark, admitted to have been the owner
in fee of the premises in 1850. Plaintiff claimed by a deed exe-

cuted by Clark to him in 1861, conveying the lot for the nominal consideration of one dollar. Defendant claimed under a deed from Clark purporting to have been executed by attorney in June, 1850, the form of the execution of which deed and the certificate of acknowledgment are set forth in the opinion of the Court.

This deed was offered in evidence by defendant without any preliminary proof of its execution, or of the authority of Sparks, the attorney mentioned, to act for the grantor. On plaintiff's objection the deed was excluded, and defendant excepted. Plaintiff had judgment and defendant appeals, assigning as error the exclusion of the conveyance.

*Belcher & Belcher,* for Appellants.

The Court below erred in excluding the deed from Clark to Hibberd. No power of attorney was necessary. Clark acknowledged the deed, and thereby adopted the signing by Sparks. This is often done when the grantor from sickness, or other cause, is unable to write his name. In such cases it is quite immaterial whether he make his mark in the usual way, or employ some one to write his name, as on this deed. In either case it is the grantor's signature. (Story on Agency, sec. 51; *Ingoldsby* v. *Juan,* 12 Cal. 578.)

That Clark did acknowledge it himself is clear from the certificate of the notary, which, in the absence of all testimony to the contrary, must be taken as conclusively true. The language admits of no other construction.

*Charles DeLong,* for Respondent, cited *Hanford* v. *McNair,* (9 Wend. 54); *Smith* v. *Dickerson,* (6 Humph. 261); and section six of the Act concerning Fraudulent Conveyances and Contracts, passed April 19th, 1850.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. and COPE, J. concurring.

The deed to Hibberd purports to be executed on the first of June, 1850, by " John A. Clark, by his attorney, Henry Sparks." The certificate of acknowledgment annexed is as follows:

" CALIFORNIA, SAN FRANCISCO, *ss:* On this first day of June, in the year of our Lord one thousand eight hundred and fifty, personally appeared before me, John A. Clark, to me known, and who executed the within deed, and acknowledged the same to be his free act and deed, by his attorney, Henry Sparks.

" Given under my hand and seal, the day and year last above written.                          THOMAS TILDEN,
" Notary Public."

No power of attorney from Clark to Sparks was produced. The plaintiff relied entirely upon the certificate of the notary to establish the due execution of the deed. Upon the objection of the plaintiff, the Court refused to allow the instrument to be read in evidence, and its ruling in this respect constitutes the ground upon which a reversal of the judgment is sought.

There was no error in the ruling of the Court. The certificate of the notary is only to the effect that Clark acknowledged that he had executed the deed by his attorney, which, in other words, is this—that Clark acknowledged that his attorney had executed the deed. A certificate to this purport does not prove the due execution of the deed by Clark. The Statute of Frauds declares that " No estate or interest in lands, other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by *his lawful agent thereunto authorized by writing.*" Here there was no evidence that Sparks ever had any authority in writing to execute the deed. The certificate of the notary does not show the existence of any such authority in writing, or the acknowledgment of the existence of any. If such authority in fact existed, it should have been produced. In the absence of its production the presumption is that it did not exist. Whatever authority, therefore, the attorney possessed upon the subject, we must regard as having been conferred by parol; and in the face of the statute it is hardly necessary to add that an authority of this nature is insufficient for the transfer of real property. And a subsequent parol

acknowledgment of the authority does not, of course, remove its insufficiency. (*Hanford* v. *McNair*, 9 Wend. 54.)

The only exception to the rule that an authority to execute a deed must be conferred by writing, is where the execution by the attorney is in the presence of the principal. The exception arises from the doctrine that what one does in the presence of and by the direction of another is the act of the latter—as much so as if it were done by himself in person. The attorney in such case, so far as the signature to the instrument is concerned, is a mere amanuensis of the grantor, and in the affixing of the seal is only the instrument, the hand, as it were, of the grantor. It is not sufficient that the attorney was directed to sign the name of the principal and affix his seal; the execution must be in the immediate presence of the principal, and this fact must be affirmatively established by the party who relies upon it as an excuse for the absence of a power in writing. It is not a fact to be inferred from any coincidence between the date of the deed and the acknowledgment of the principal that it was executed by his attorney, as contended by the learned counsel of the appellants. (*Kline* v. *Brooks*, 9 Iredell, 219; *Mackay* v. *Bloodgood*, 9 Johns. 285.)

Judgment affirmed.