(16 Misc. Rep. 85.)

## LONG v. POTH.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. STATUTE OF FRAUDS—LEASE BY AGENT—VALIDITY.
    Under 2 Edm. Rev. St. 139, § 6, providing that no estate in land, other than leases for a term not exceeding one year, shall be created, unless by act or operation of law, or by deed in writing subscribed by the party creating the same, "or by his lawful agent thereunto authorized by writing," a lease for a term exceeding one year, made by an agent of the owner of the premises, having mere oral authority to execute a lease, was not binding on the owner.

2. SAME—RATIFICATION.
    It did not constitute a ratification of such unauthorized lease that the owner of the premises accepted rents paid thereunder, since the ratification of an act, the authority to perform which is required to be written, must also be in writing.

3. SAME—DISCLOSURE OF AGENT—PRESUMPTION.
    Where an agent, authorized to let property of his principal for but one year, let it for two years, it is not presumed that he disclosed to the principal, within a reasonable time, the fact that he exceeded his authority, and hence, in the absence of evidence that the principal knew that the lease was for two years, it did not constitute a ratification of the lease that, before the expiration of the first year of its continuance, the principal accepted rents paid thereunder.

4. AUTHORITY OF AGENT—DENIAL BY PRINCIPAL—ESTOPPEL.
    A husband, authorized to make a lease of the wife's property for one year, executed a lease in his own name for two years. *Held*, that the wife

was not estopped from denying the validity thereof by the fact that she failed to notify the lessee of her ownership, where the property stood in her name of record, though the lessee, in making the lease, and in paying rents thereunder to the husband, supposed that the husband owned the property.

Appeal from Eighth district court.

Summary proceeding by Emily A. Long, landlord, against Benjamin F. Poth, tenant, to remove the latter from the possession of premises. From an final order on a verdict awarding possession to the tenant, the landlord appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

De Grove & Riker (Wm. King Hall, of counsel), for appellant.
Jerolman & Arrowsmith, for respondent.

McADAM, J.   A summary proceeding was commenced on May 14, 1895, by Emily A. Long, as landlord, to remove Benjamin F. Poth, as tenant, from the possession of the premises known as No. 319 West Thirty-Seventh street, in the city of New York, on the ground that the tenant's term expired on May 1, 1895, and that he held over, and continued in possession of the premises, without her permission as landlord, after the expiration of the term aforesaid. The tenant denied the allegations contained in the petition, and set up, by way of affirmative defense, that he was in possession of the premises under and by virtue of a written lease, which had not, as yet, expired.

To maintain the proceeding, the landlord put in evidence a number of conveyances through which the estate became vested in her as owner in fee, by record title, several years before the execution of any of the leases hereafter referred to.   She then offered in evidence a lease, dated February 1, 1894, between John F. Long, of the first part, and Benjamin F. Poth, of the second part, whereby said Long demised to Poth the premises in question for the term of 12 months from May 1, 1894, at the yearly rent of $840, payable as follows: $643.10 on the execution of the lease, and $196.90 on January 1, 1895.   She then proved that Poth had taken possession under this lease, that John F. Long, the lessor named therein, was her agent, possessing oral authority to make a written contract, not under seal, for one year, and rested her case.   She claimed, as she lawfully might, that, though the lease was made in the name of her agent, without describing himself as such, and although she was unknown to the tenant, she was entitled to sue and maintain summary proceedings thereon, and that the instrument might be resorted to for the purpose of ascertaining the terms of the agreement.   Nicoll v. Burke, 78 N. Y. 580; Briggs v. Partridge, 64 N. Y. 357, 362, 364.   In his defense, the tenant offered in evidence two leases, made by the said John F. Long to him, bearing date April 7, 1894, by the first of which Long demised to him the said premises for two years from May 1, 1894, at the yearly rent of $840, to be paid in advance on the execution of the instrument; the second demising the same premises for the term of three years from the 1st day of May, 1894, at the rental sum of $840, payable, for the

three years, in advance, excepting the sum of $200, to be paid on January 1, 1895. The landlord objected to the introduction of these leases, upon the ground that they were for a term exceeding one year, and therefore not binding upon her. The justice overruled the objection, admitted the two leases in evidence, and the landlord excepted. The tenant then proved that he had paid all the rent called for by said two leases, and attempted, but failed, to prove that these rents went into the possession of the landlord, and that she ratified the acts of her agent, who was her husband, thus making the leases binding upon her.

As between the parties to the instruments, the leases were no doubt valid obligations; but, when used to charge the plaintiff, they became inoperative, because the estate was in her, and not in her husband, who had nothing to lease, and the tenant took nothing by the instruments. The statute provides that:

"No estate or interest in land other than leases for a term not exceeding one year * * * shall hereafter be created, granted," etc., "unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party, creating, granting * * * the same, or by his lawful agent thereunto authorized by writing." 2 Edm. Rev. St. 139, § 6.

Ratification is equivalent to original authority, and nothing more; and, where the statute requires the original authority to be in writing, it would, on principle, require the ratification to be made with equal ceremony. Haydock v. Stow, 40 N. Y., at pages 370, 371; Whitlock v. Washburn, 62 Hun, at page 374, 17 N. Y. Supp. 60; Stetson v. Patten, 2 Me., at page 360; McDowell v. Simpson, 3 Watts, 129; Parrish v. Koons, 1 Pars. Eq. Cas. 95; Videau v. Griffin, 21 Cal. 389. So that the ratification, if it had been proved, would not have made the two leases binding upon the landlord as the act of a legally authorized agent. Besides, ratification, in order to bind a principal, must be with knowledge of all the facts (Trustees v. Bowman, 136 N. Y. 521, 32 N. E. 987); and there is no evidence in the case showing that the landlord had any timely knowledge of the existence of the two leases in question, or ever knowingly received any benefit under them. True, it will be presumed that an agent discloses to his principal, within a reasonable time, all of the material facts that come to his knowledge while acting within the scope of his authority (Hyatt v. Clark, 118 N. Y. 563, 570, 23 N. E. 891; Krumm v. Beach, 96 N. Y. 398, 404, 405; Bank v. Davis, 2 Hill, 451); but this rule cannot be extended to imply that a special agent, whose powers are limited to making a lease for one year, informed his principal that he had transcended his authority, and made two leases in violation of duty for longer terms (Express Co. v. Trego, 35 Md. 47). Even if such a presumption were to be indulged, the evidence of the landlord establishes that no such information was imparted to her, and that she had no knowledge of any of the three leases until a short time prior to the commencement of this proceeding, when she undertook to dispossess the tenant as a squatter, on the supposition that he had no 'lease.

The tenant also claimed that the landlord permitted her husband to deal with the property as his own, and thus enabled him to per-

petrate a fraud upon an innocent party, who, acting upon appearances, parted with his money in good faith.   There is no evidence that Mrs. Long permitted her husband to act otherwise with her property than any agent could have acted under the same authority. The property stood in her name upon the public records, and by proper examination the tenant could have discovered the fact.   He made no effort to find out who owned the property.   He supposed it belonged to Mr. Long, and all inquiry upon his part ceased with that belief.   The landlord had never, by her presence, acts, or declarations, contributed to the creation of this belief, and in no manner estopped herself from asserting her rights as owner of the property.   She was under no obligation to notify the tenants in the house that the property belonged to her; and, even if she had been neglectful in this regard, there would have been no estoppel, so far as the questions now involved are concerned.   In People v. Bank of North America, 75 N. Y., at page 562, the court said:

"The negligence alleged is simply that Raines did not use ordinary care to discover and prevent the frauds of Phelps; and there is no authority for holding that such negligence can work an estoppel. If it could, merchants, bankers, and other business men, having numerous clerks, would frequently hold their property by a precarious tenure."

In order to create an estoppel by conduct, it must appear that the party sought to be estopped did acts with the intention that the other party should act upon them, or might act upon them, and that the other party was thereby induced to, and did, act upon them.   Bigelow, Estop. 480.   But the record is destitute of evidence that Mrs. Long ever did or said anything which misled the tenant to his prejudice, or that she ever intended or led him to believe that the property belonged to her husband.   It cannot be claimed that she remained silent when she should have spoken, for she knew nothing of the wrongful acts until too late to prevent them.   The doctrine of estoppel by silence is, therefore, in no way applicable.

The alleged payments to the husband were evidently advances made to him for his own purposes, and he might as well have attempted to mortgage or convey her property to the tenant by way of security as to lease it for terms beyond his limited authority and in violation of the statute.   Since John F. Long had no estate in the premises, the leases executed by him created no incumbrance thereon, and conferred upon the tenant no right of occupancy, except as to the lease for one year, in respect to which no authority in writing was required.

Without considering the charge of the justice, in which he submitted to the jury propositions at variance with these views, it follows that the final order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.