(34 Misc. Rep. 281.)

APPELBAUM v. GALEWSKI.

(Supreme Court, Special Term, New York County. March, 1901.)

PAROL LEASE BY AGENT—RATIFICATION—SALE OF PREMISES.

An agent of certain real estate, without written authority, leased the premises for a term of five years, and the principal, with knowledge of the fact, and that subsequent assignments of the lease had been made with the consent of the agent, conveyed the premises by a deed recognizing the existence of the lease. Held, that there was a ratification of the act of the agent, which would prevent the grantee of the premises with notice evicting the tenant or setting up an adverse title whether or not the lease was void because executed by an agent not "thereunto authorized by writing," as required by Laws 1896, c. 547, § 207.

Action by Ike Appelbaum against Bernard Galewski. Judgment for plaintiff.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for plaintiff.

Julius Levy (Samson Lachman, of counsel), for defendant.

RUSSELL, J. This action in equity becomes necessary because the defendant, now having the title to the premises No. 1 Jackson

street and No. 338 Henry street, in the borough of Manhattan, seeks to evict the plaintiff, and to destroy a building occupied by the plaintiff, and used by him in his business. The defendant is maintaining eviction proceedings in the municipal court, which has not the jurisdiction to reach nonresident witnesses whose testimony is essential to the maintenance of plaintiff's rights. The defendant's counsel, in his brief, clearly states the issue in controversy thus: "The main question involved is as to whether or not the lease referred to in the complaint is valid as between the parties hereto." Fannie M. Constable was the owner of the premises, she conveying them to the defendant on the 15th of August, 1899, by deed containing the clause that it was "subject, nevertheless, to the rights of the present tenants, all of which expire on or before May 1, 1902." One of the leases so referred to was made March 9, 1897, by William Constable, the husband of Fannie M. Constable, who had acted for her in the management of the premises for 30 years; and was signed in the name of William Constable, by Thomas F. Leahy, agent, to Patrick McCullagh, for five years, which lease was assigned February 26, 1898, by McCullagh to Auerbach, with the written consent, signed by William Constable, by Thomas F. Leahy, agent; and on the 1st of July, 1898, was assigned by Auerbach to the plaintiff, with a similar consent attached thereto. On the 29th of July, 1898, Leahy, as agent, in the name of Fannie M. Constable, executed an agreement to the plaintiff recognizing the original lease and the previous assignments. The plaintiff has duly performed all of the conditions required of the lessee, and was undisturbed in his possession until the defendant acquired title in August, 1899. The defendant had not only the constructive notice of the claim of the plaintiff afforded by the plaintiff's possession, but also the notice in the deed signed by Fannie M. Constable, putting him upon his inquiry as to the rights of the tenants, and an inspection of the lease to the plaintiff at the time of the delivery of the deed. The defendant, finding that the possession of the plaintiff until May 1, 1902, interfered with his ability to make an advantageous sale and deliver possession, relies upon the statute of frauds to end the tenancy of plaintiff, and make it simply a holding year by year. He asserts that under the real property law (Laws 1896, c. 547, § 207) the authority of the agent must be evidenced by a writing duly subscribed, and that there is no lease executed by the former owner herself, which is essential to a leasing for more than one year.

I am inclined to believe that section 224 of the same chapter applies. That section provides: "A contract for the leasing for a longer period than one year   *   *   *   is void unless the contract or some note or memorandum thereof expressing the consideration is in writing subscribed by the lessor or by his lawful authorized agent." If this be correct, the authority may be oral. Moody v. Smith, 70 N. Y. 598; Miller v. Ball, 64 N. Y. 286. But a broader view may well be taken of the reasons for preventing a technical rule of law defeating substantial justice. The owner, Fannie M. Constable, knew that her husband was habitually acting for her, and that he must necessarily act for her through a local agent the most of the time, because

they were traveling in Europe frequently at the periods when leasings were required. She was informed of this lease for five years; expressed her approbation of it; regularly received the rent; not only assented to, but induced, the tenant to take possession and make business arrangements for his occupancy for a term of years; and also, in conveying the premises, after more than two years from the time of the original leasing, with full knowledge of the circumstances, ratified the tenancy in the deed she gave to the purchaser over her own signature by the preservation of the tenant's rights. The reference in the deed as to the leases expiring May 1, 1902, could only apply to that held by the plaintiff and one other, who stood in similar case, and whose right of possession is also contested by the defendant. It is undoubtedly true that this subjection clause, as a burden upon the defendant, carries only the weight of an actual servitude or incumbrance. A mortgage, conveyance, or tax lien, not valid in the law, would not impose upon the purchaser any obligation not theretofore existing. But the essential force of the clause, apart from its requirement of inquiry, is the signed and solemn ratification of the thing which had been done for Mrs. Constable, effective the instant she signed the deed, and not dependent upon its delivery; she acting with full knowledge that the rights reserved to the tenants accrued only by force of the written leases made ostensibly with her authority. It would be a fraud to assert an adverse title to that of the tenants who had performed in good faith upon the assumption that her agents acted with her approval and authority. Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627. Her ratification could have been by parol (Newton v. Bronson, 13 N. Y. 587), even were the principal undisclosed (Dykers v. Townsend, 24 N. Y. 57). The purchaser, this defendant, having full notice of the claims of the plaintiff, has no better right of eviction than Mrs. Constable herself would have had. It would be a perversion of the commonest rules of justice to allow her, in case she had not conveyed, to repudiate the act of her husband and Leahy. Had she only signed the deed with the recognition of the plaintiff's rights, and never delivered it, still the ratification would have been complete by her signature. It does not require a delivered contract to comply with the requirement of a subscribed note or memorandum. Welford v. Beazely, 3 Atk. 503 (Lord Hardwicke). Let judgment go in favor of the plaintiff for an injunction, with $500 damages for the disturbance and interference with the plaintiff's possession, in which damages are not included any allowed for the proceedings in the municipal court; with costs, also, to plaintiff.

Ordered accordingly.