(119 App. Div. 515)

## LARKIN v. RADOSTA.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—WRITTEN AUTHORITY—STATUTES.

A lease by an agent of the landlord for a term of three years without written authority is void, under Real Property Law, Laws 1896, p. 592, c. 547, § 207, requiring written authority to an agent to make a lease for his landlord for more than one year.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 378, 383.]

2. SAME—UNAUTHORIZED ACT OF AGENT—RATIFICATION.

A landlord, who did not know that his agent, restricted to the making of monthly leases, had made a lease for three years, did not ratify the agent's act by receiving the monthly rent stipulated for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 644.]

3. SAME—AUTHORITY OF AGENT.

A landlord, restricting his agent to the making of monthly leases only, is not bound by the act of the agent in making a lease for a term of three years, for power to make leases for years is not necessarily within the agent's authority to lease.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by John Larkin against Joseph Radosta. From a final order of the Municipal Court, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Francis B. Mullin, for appellant.

William Adams Robinson, for respondent.

GAYNOR, J. The tenant had been in possession under a monthly tenancy for about 12 years. On the landlord's agent raising his rent from $16 to $17 a month, the tenant asked the agent for a 3 years lease. He made and delivered to him such a lease in writing; not in the landlord's name, however, but in his own name. If, nevertheless, we deem it the landlord's lease (for it was not under seal), it was void because the agent had no written authority to make it. Section 207 of the real property law (Laws 1896, p. 592, c. 547) requires written authority to an agent to make a lease for his landlord for more than one year in order that the lease may be valid. The landlord never ratified the act of the agent in making the lease. Receiving the rent was not a ratification. There can be no ratification without knowledge of the facts. The evidence shows without dispute that the agent was restricted by the landlord to the making of monthly leases only, and the landlord never knew that he made the lease in question. If a landlord make a lease which is void under the statute of frauds for being for more than one year and not in writing, it is good for a year; but that is not the case before us; the landlord did not make the present lease; if he had done so, either himself or through his agent, he would be bound by it for the whole term for it is in writing. As it is, the landlord is not bound by the act of his agent in excess of his authority, for power to make leases for years is not necessarily within a real estate agent's authority to lease, and to be implied, in favor of persons to whom he makes leases. It is for them to ascertain the extent of his authority.

The final order should be reversed.

Final order of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.