### FINKELSTEIN et al. v. FABYIK et al.

(Supreme Court, Appellate Term. November 29, 1907.)

1. LANDLORD AND TENANT—LEASE—REQUISITES—RECEIPT FOR RENT.

An instrument reciting receipt from defendants of $10 for deposit on rent of two specified lofts, "rent to be $65 per month and to run for two years," did not constitute a lease of the lofts for two years; it having been delivered to defendants by an agent of the owners not authorized to make leases, and it also being contemplated that a lease should be subsequently executed by the owners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 55.]

2. SAME—TERMINATION OF TENANCY—NOTICE TO QUIT—PAYMENT OF RENT.

A payment on account of rent after notice to remove was not binding on the landlord, under the rule that notice to quit terminates the tenancy.

3. FRAUDS, STATUTE OF—AGENT OF OWNER—AUTHORITY TO LEASE.

Under the express provisions of Laws 1896, p. 592, c. 547, § 207, an agent, in order to execute a lease for more than a year, must have written authority from his principal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 255.]

4. PRINCIPAL AND AGENT—LEASE BY AGENT—RATIFICATION.

Defendants paid plaintiff's agent, who was only authorized to collect rents and had no power to execute leases, a deposit on rent of premises and received a receipt reciting that the rent was to be $65 per month, to run for two years. Defendants entered and paid rent for two months from March 15th at the rate of $65 per month, which was received by the landlord. Before May 15th notice was served on defendants that the landlords elected to terminate their occupancy and required removal on May 15th, on which their term expired under a monthly hiring, and on May 18th dispossess proceedings were begun. *Held*, that there was no ratification of the agent's act in attempting to lease the premises for two years.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 661.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Summary dispossess proceedings by Herman Finkelstein and another against John Fabyik and others. From a Municipal Court judgment dismissing the proceedings, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Schenkman & Brown (Edward A. Brown, of counsel), for appellants.

Alvin C. Cass, for respondents.

ERLANGER, J. On March 12, 1907, the tenants paid to one Rose Emil $10 and obtained from her the following receipt:

"March 12th, '07.

"Received of J. Fabyik & Co. Ten no/100 dollars for deposit on rent of two lofts No. 652 East 12th street. Rent to be $65 per month, and to run for two years.        Rose Emil."

The tenants entered into possession of the premises and paid rent for two months, from March 15 to May 15, 1907, at the rate of $65 per month, and it is conceded that the landlord received the money. Before the 15th of May, 1907, notice was served upon the tenants to the effect that the landlords elected to terminate their occupancy of the premises, and requiring them to remove on May 15, 1907, the day on which their term expired under the monthly hiring, and unless they so removed summary proceedings would be begun to oust them. On May 18, 1907, proceedings were instituted to dispossess the tenants, and the usual petition was filed. The tenants answered, denying the expiration of their term; that their rent was paid on May 15, 1907, for the month terminating on June 15, 1907; and that they held an agreement in writing with the landlords for a two-year hiring of the premises. On May 22, 1907, a trial was had, which resulted in the dismissal of the proceedings upon the merits, with $10 costs. The landlords appeal.

It was developed upon the trial that when the tenants saw Mrs. Emil they were informed by her that the rent would be $65 each month, and that when they spoke of the lease she replied, "The lease would be given by the owners;" that she was unable to read English;

"that the receipt was written by them," and that she "thought they wrote a receipt for $10"; that her sole duties were to collect the rents, and that she never leased any part of the premises to tenants.   One of the landlords testified that after the tenants took possession he had a conversation with one of them; that he was informed that they had a lease for two years, and when he asked to see it they did not produce it; that various appointments were made looking to the execution of a lease, but none was executed, although he expressed his willingness upon the stand to make one.   It also appears that Mrs. Emil on May 15th was paid $65.   She testified that she refused to accept it as rent and declined to give a receipt; that she offered to return it, but it was not accepted; and that she still retains it.   Both sides rested on this evidence.

The receipt was relied upon as a lease, and the court by his ruling must needs have held that it constituted a lease for two years, unless it was determined by him that the payment to Mrs. Emil on May 15th was sufficient to permit the tenants to remain in possession until June 15th following.   Just what was decided is not clear.   If the court held that the receipt was in effect a lease, it was error (Larkin v. Radosta, 119 App. Div. 515, 104 N. Y. Supp. 165); and if he ruled that the payment after notice to remove was given bound the landlords, it was likewise error.   Notice to quit terminates the tenancy. McAdam's Landlord & Tenant (3d Ed.) 600, note to section 174.   No proof was offered to show that Mrs. Emil had any authority whatsoever to act for the landlords, except to collect the rents.   Under the real property law an agent, in order to execute a lease for more than one year, must have written authority to act.   Laws 1896, p. 592, c. 547, § 207.   Nor was ratification established.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.   All concur.