## ALTSCHULER v. LIPSCHITZ.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. APPEAL AND ERROR (§ 937\*)—PRESUMPTIONS—PROCEEDINGS FOR TRANSFER—
NOTICE OF APPEAL.

Where, in summary proceedings to recover possession of real property, the tenant appeared on return day of the precept, joined issue, and his motion for dismissal for insufficiency of the petition was overruled, after which the landlord introduced proof, the tenant standing mute, and a final order was rendered for the landlord, and a notice of appeal recited that the appeal is taken from "the judgment and order entered" on that day in favor of the landlord and against the tenant, it will be presumed to have been intended to be taken from the final order, which was appealable, not being made on the tenant's default, and not from the order denying the dismissal which was not appealable; the fact that the final order, in effect the judgment in the proceeding, was called a judgment, instead of an order, being immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3788, 3791; Dec. Dig. § 937.\*]

2. APPEAL AND ERROR (§ 127\*)—DECISIONS REVIEWABLE—JUDGMENT BY DE-
FAULT.

The order denying the tenant's motion, made after joining issue, for dismissal of summary proceedings to recover real property, was none the less a ruling upon the trial because it was made before the landlord's proof was taken, so that the fact that he took no further part in the trial did not render the judgment for the landlord entered on the trial one by default so as to preclude appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 885; Dec. Dig. § 127.\*]

3. LANDLORD AND TENANT (§ 296\*)—SUMMARY PROCEEDINGS—SCOPE—TRES-
PASSERS.

Code Civ. Proc. § 2231, provides for summary proceedings to remove tenants from premises.   Section 2232 provides that an occupant of land may be removed where the land is sold under execution against him or one he claims under, or on foreclosure of a mortgage executed by him or one he claims under, or where he holds land after the expiration of an agreement to cultivate it on shares or is a squatter.   Section 2233 provides for the removal of one making forcible entry or detainer.   *Held* that, in cases not falling within sections 2232 and 2233, the proceedings would only lie where the conventional relation of landlord and tenant exists, and hence would not lie to remove one who held over after disaffirmance of his lease if he was a trespasser.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1273; Dec. Dig. § 296.\*]

4. LANDLORD AND TENANT (§ 118\*)—TENANCIES AT WILL—HOLDING OVER
AFTER AVOIDANCE OF LEASE.

Where, after one takes possession of premises under a lease, the lease is disaffirmed by the parties, the tenancy becomes one at will.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 410, 411; Dec. Dig. § 118.\*]

5. LANDLORD AND TENANT (§ 120\*)—TENANCIES AT WILL—TERMINATION—
NOTICE.

A tenancy at will is terminable by the landlord only upon his giving written notice to the tenant of not less than 30 days to remove from the premises, as expressly provided by the real property law (Laws 1896, p. 590, c. 547, § 198), and the tenant cannot be considered as holding

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

over after the expiration of the term until the notice has been given and the 30 days have expired.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 422; Dec. Dig. § 120.*]

6. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS—PLEADING—AL-LEGATION OF NOTICE TO TENANT.

In summary proceedings to remove a tenant at will, the petition must state facts showing that the tenancy was terminated by notice as required by law, under the direct provisions of Code Civ. Proc. § 2236.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303, 1304; Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings to recover possession of real property by Ray Altschuler against Abraham Lipschitz. From a judgment in the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and proceedings dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Jacob W. Block for appellant.
Louis A. Jaffer, for respondent.

BISCHOFF, J. The notice of appeal recites that the appeal is taken from "the judgment and order entered in the above-named court on the 30th day of July, 1908, * * * in favor of the above-named respondent and against the above-named appellant, for the possession of the premises mentioned and described in the petition"; and, since the order entered upon the denial of the tenant's motion for a dismissal of the proceedings was not appealable, we shall assume that the appeal was intended to be taken from the final order. Again, the adjudication appealed from is clearly identified by referring to it as "the judgment." It is, in effect, the judgment rendered in the proceeding, and a mere technical misnomer of it should not be permitted to invalidate the appeal. The final order was not rendered upon the tenant's default, and is therefore appealable. On the return day of the precept the tenant appeared, joined issue, and moved the dismissal of the proceeding for insufficiency of the petition. This motion was denied, and the cause was ordered to trial. Thereupon the landlord introduced proof of the facts alleged in the petition, the tenant standing mute, and the final order awarding possession of the demised premises followed. Resting upon his objection to the sufficiency of the facts as affording justification for a determination in the landlord's favor, the tenant was not bound to go through the idle ceremony of a cross-examination or to do that which would have been more reprehensible, to dispute facts which he could not truthfully deny, in order to avoid a determination for the landlord upon his default. The ruling upon the tenant's motion for dismissal was none the less a ruling upon the trial because it was made before the landlord's proof was taken. We are thus brought to a review of the final order appealed from upon the merits.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A prior proceeding between the same parties for recovery of the possession of the premises for default in the payment of rent, in which the tenant pleaded that he had been induced to enter into the lease by the fraud of the landlord, the present petitioner's predecessor in interest, resulted in an adjudication for the tenant. It is not readily conceivable how the tenant could have succeeded in his plea of a disaffirmance of the lease while he continued in the possession of the premises after his discovery of the fraud, but, since the present petitioner seems to have acquiesced in that determination and is concluded thereby, we must, for the purposes of the present review, regard the lease as invalidated. Such, also, appears to have been the theory upon which the petition in the court below proceeded; the petitioner alleging that upon the disaffirmance of the lease he had elected to regard the tenant as a trespasser. Were the tenant properly to be so regarded, summary proceedings to remove him would not lie. That such proceedings are maintainable only where the conventional relation of landlord and tenant exists, except in the cases specially provided for and of which this is not one (Code Civ. Proc. §§ 2231–2233), is a proposition so familiar and so well settled by past adjudications that reference to particular cases seems needless.

Having entered into possession of the premises under a lease from the petitioner's predecessor in interest, the tenancy upon the avoidance of the lease became one at will (Larned v. Wilson, 60 N. Y. 102; Talamo v. Spitzmiller, 120 N. Y. 37, 23 N. E. 980, 8 L. R. A. 221, 17 Am. St. Rep. 607), and was terminable by the landlord only upon his giving of a written notice to the tenant of not less than 30 days, requiring the latter to remove from the premises. Real Property Law (Laws 1896, p. 590, c. 547, § 198). The fact of such a notice must be alleged in the petition for the tenant's removal. Code Civ. Proc. § 2236. Until the tenancy is thus put an end to, the tenant cannot be said to hold over after the expiration of the term. Post v. Post, 14 Barb. 253, 257.

For the reason that no such notice was alleged or proved the final order for the landlord was erroneously made and must be reversed with costs, and, since the circumstances negative the giving of any such notice, the proceedings should be dismissed, with costs. All concur.