### SHIMER v. RONK.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

1. FRAUDS, STATUTE OF (§ 102*)—LEASE SIGNED BY AGENT—VALIDITY.

　　A lease, signed by the husband of the owner of the premises, by authority from her and in her presence, and ratified by her, is not void under the statute of frauds.

　　[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 191; Dec. Dig. § 102.*]

2. HUSBAND AND WIFE (§ 138*)—AGENCY.

　　A wife, who was present when her husband executed a lease of her premises, and who witnessed his signature and afterwards ratified the lease, is estopped to deny its validity as being unauthorized.

　　[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 524–537; Dec. Dig. § 138.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn.

Summary proceedings by Lillian E. Shimer against Martha E. Ronk. From an order of the Municipal Court, dismissing the petition, plaintiff appeals. Affirmed.

See, also, 123 N. Y. Supp. 481.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Robert H. Wilson, for appellant.
Henry Brill, for respondent.

HIRSCHBERG, P. J. The appellant's petition alleged that the respondent, as her tenant, was in possession of certain real estate belonging to the appellant, and was holding over after the expiration of her term. The theory of the proceeding was that the lease by virtue of which the respondent is in possession was executed by the appellant's husband as her agent without written authority, that it was made for a period of two years and two months from August 1, 1908, and that, by reason of its execution by the appellant's agent under seal and without written authority, it was void as a lease excepting for the period of one year, and that, as a consequence, the continuance by the tenant in possession after August 1, 1909, was an unlawful holding over. It was plain, however, from the evidence, that the possession of the tenant was lawful under the lease, and the petition was properly dismissed.

The lease was not void under the statute of frauds. To hold otherwise would convert a statute designed to prevent frauds into an active instrument for their creation. The lease was executed by the appellant's husband in her presence and with her knowledge and consent. In fact, she witnessed his signature to it as landlord. That she was the owner of the property was known to the tenant at the time the lease was executed, and the latter then asked her if her husband could sign the lease, to which she replied that it would be all right. Many interesting questions are presented in the appellant's brief as to the effect and nature of ratification and the possible avoidance of a lease executed by an agent beyond the scope of his authority; but they have no application to this case, for the reason that the lease in this instance must be regarded as the appellant's personal and individual act. It was her lease to the same extent as it would have been, had it been executed by her husband writing her name, in her presence, and with her express oral authority. Every principle of good faith and integrity in dealing requires that she should be estopped from disputing the validity of a document executed by her agent in her presence and with her authority, on the pretense that such authority had not been sufficiently conferred.

The appellant not only sufficiently authorized the execution of the lease, but she subsequently ratified it. It appears that about a year after its execution she instituted proceedings in the Municipal Court of the City of New York against the tenant for the nonpayment of rent. In her petition she set up the execution of the lease and its terms, and upon the trial procured a final order or judgment dispossessing the respondent for nonpayment, and thereafter, and until some time

shortly prior to the institution of the present proceedings, she collected the rent. In Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, it was held that a valid judgment, regularly obtained by the landlord in summary proceedings to dispossess a tenant for nonpayment of rent, is a bar to an action brought by the tenant against the landlord to cancel the lease between them, on the grounds that it was intended as a mortgage and was usurious, although those questions were not actually litigated or considered in the summary proceedings; and by a parity of reasoning it would seem that the former decision herein might possibly be regarded as a bar to the proceedings now under consideration.

The final order should be affirmed.

Final order of the Municipal Court affirmed, with costs. All concur.