### CITY & SUBURBAN HOMES CO. v. MARROW.

(Supreme Court, Appellate Term. March 8, 1912.)

1. PRINCIPAL AND AGENT (§ 148*)—AUTHORITY OF AGENT—LEASE.

Where an agent, in charge of rentable property, had authority to make leases only from week to week, the execution of a lease for a year, to one who had been living in the premises for several years under a tenancy from week to week, is not binding on the principal, when not ratified.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 534–552; Dec. Dig. § 148.*]

2. PRINCIPAL AND AGENT (§ 119*)—AUTHORITY OF AGENT—BURDEN OF PROOF.

In an action for the possession of property, which the tenant claimed under a lease for a year made by an agent, the burden was on the tenant to prove, not only that the agent executed the lease, but that he was authorized to do so.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391–401; Dec. Dig. § 119.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Petition by the City & Suburban Homes Company, as landlord, against Samuel T. Marrow, as tenant. From a judgment for the tenant, the landlord appeals. Reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Davies,. Auerbach, Cornell & Barry, for appellant.

John William Smith, for respondent.

SEABURY, J.  The landlord filed a petition in summary proceedings, alleging that he leased a certain apartment to the tenant for the term of one week, commencing November 15, 1911, at noon, and ending November 22, 1911, at noon.  It is further alleged in the petition that the tenant entered into the occupation of said premises, and still continues to occupy the same without the permission of the landlord, after the expiration of the term of the lease.  The answer of the tenant denied the allegations of the petition, and alleged that he holds possession of the premises under and by virtue of an oral lease entered into between the agent of the landlord on May 11, 1911, for the term of one year.

[1] The landlord proved the allegations of its petition.  The evidence was conflicting upon the issue as to whether or not a yearly lease was made with the tenant by the landlord's agent.  It was, however, established by uncontradicted evidence that the person who made the lease with the tenant had no authority from the landlord to lease for a longer term than from week to week.  All the other leases made by this agent appear to have been made from week to week, and the tenant had for a period of several years paid his rent weekly.  Assuming that the agent made the lease for one year, it does not appear that the landlord had knowledge of this fact, or that it ever ratified the act of the agent.  If the agent in fact made the lease for a year, which we think is very doubtful, it is evident that the agent acted outside of the scope of her authority as agent, and that her act was not binding upon the landlord.  Larkin v. Radosta, 119 App. Div. 515, 104 N. Y. Supp. 165.

[2] The tenant alleged the existence of the lease for one year, and it was incumbent upon him not only to prove that the agent made the lease, but to prove that in so doing she acted within her authority.

Final order reversed, and new trial ordered, with costs to the appellant to abide the event.  All concur.