MARY L. CARMAN, HIRAM H. RICE, IDA PELCHER and WILLIAM B. BROWN, Jr., Landlords, Petitioners, v. JESSE FOX, Tenant, and CHARLES K. FOX, Undertenant, Respondents.

(County Court, Nassau County, June, 1914.)

Lease — of wife's real estate by husband without authority — landlord and tenant — tenant in possession under invalid lease is tenant at will — summary proceedings.

Where a husband leases his wife's real estate without the authority required by sections 242, 259 of the Real Property Law, the lease is void, and the fact that she accepted rent due thereunder and indorsed checks received in payment for the rent does not constitute a legal ratification or adoption of the lease.

A tenant in possession under an invalid lease is a tenant at will, and a petition in summary proceedings for his removal which does not allege that he was given the notice required by section 228 of the Real Property Law is jurisdictionally defective, but where the tenant enters a general appearance, goes to trial upon the merits and makes no motion in regard to such defect, it is waived.

SUMMARY proceeding for the removal of tenant.

William E. Stewart, for petitioners.

Charles N. Wysong, for respondents.

NIEMANN, J.    It appears from the exhibits in this case that on the 18th day of January, 1897, John H. Rice conveyed to Anna Rice several parcels of land, among them being the premises in question.  On the 13th day of February, 1909, John H. Rice made a lease

of said premises to Jesse Fox for a term of five years, with the privilege of a renewal at the expiration of said period for a term of five years at the same rental. Fox entered into possession of said premises and now claims that he is still lawfully entitled to the occupation thereof by virtue of an election by him to exercise his option for the second term of five years by continuing in possession and paying the rent for the month beginning February 13, 1914, on which day the original term expired.

John H. Rice died on February 8, 1910, leaving him surviving his widow, Anna Rice, and his children, Mary L. Carman, Hiram H. Rice, Mathilda Brown, Ida Pelcher, John H. Rice and Annie Carroll, his only heirs and next of kin. Anna Rice died on the 2d day of January, 1911, leaving her surviving the said children, her only heirs and next of kin.

The landlords in this proceeding ask that the possession of the premises be awarded to them upon the ground that the original lease was void and of no effect because John H. Rice, the lessor, had no title to the premises at the time of the making of said lease.

The invalidity of the lease is not seriously disputed by the learned counsel for the tenant, but it is claimed by him that the receipt of the rent due under the lease by Anna Rice and by her heirs after her death, with full knowledge of the facts and of the existence of the instrument under which it was paid, constituted a ratification and adoption of said lease.

Testimony was given on behalf of the tenants from which it appears that John H. Rice and Anna Rice, his wife, lived together in Manhasset during the latter years of their life, and that he did all the business concerning their property and supported his wife and family from the proceeds thereof, and it is argued that she ratified and adopted all the acts of her husband by

her acquiescence in his management of the property until his death, and that by accepting the rent due under the lease and indorsing the checks received in payment of such rent she ratified and adopted the said lease.

Mathilda Brown testified on behalf of the landlords that when she became the administratrix of the estate of John H. Rice, her father, she found the lease among his papers and told Jesse Fox that it was no good. Ida Pelcher, one of the present landlords, testified that in a conversation with Jesse Fox she made the statement to him that the lease was not good for anything because at the time the lease was made her father did not own the property and that it belonged to her mother. It appears from the evidence that the petitioners repudiated the lease and refused to ratify or adopt it as binding upon them. It is undisputed that Rice had no title to the premises and, therefore, could not in his own right make a valid lease. If in making the lease he was presuming to act as agent of his wife, the owner of the property, he was without legal authority to do so, inasmuch as he was not thereunto authorized by her in writing as required by the statute. Real Prop. Law (Laws of 1896, chap. 547), art. 7, §§ 207, 224, repealed and substantially reënacted by Laws of 1909, chap. 52, constituting the present Real Prop. Law (Consol. Laws, chap. 50), §§ 242, 259; *Porter* v. *Bleiler*, 17 Barb. 149; *Post* v. *Martens*, 2 Robt. 437; *Long* v. *Poth*, 16 Misc. Rep. 85, 87; *Larkin* v. *Radosta*, 119 App. Div. 515.

The lease being void was incapable of ratification except by a written instrument, that is, some note or memorandum thereof subscribed by the owner of the property. *Long* v. *Poth, supra.* Receiving the rent, even with knowledge of the existence of the lease, would not constitute legal ratification. The rule as to

ratification is stated by McAdam, J., in the case of *Long* v. *Poth, supra,* as follows (p. 87): " Ratification is equivalent to original authority, and nothing more. And where the statute requires the original authority to be in writing, it would on principle require the ratification to be made with equal ceremony." Citing *Haydock* v. *Stow,* 40 N. Y. 370, 371; *Whitlock* v. *Washburn,* 62 Hun, 374; *Stetson* v. *Patten,* 2 Me. 1; Pars. Eq. Cas. 95; *Videau* v. *Griffin,* 21 Cal. 389.

It follows, then, that nothing that the parties did amounted to a legal ratification or adoption by the owners of the premises of the unauthorized act of John H. Rice in making the lease. I have examined the cases cited in the respondents' brief and am of opinion that they do not control the question presented in this proceeding.

In his brief the tenant for the first time raises the objection that this proceeding must be dismissed upon the ground that the proof adduced upon the trial failed to show that proper notice was given by the landlords to the tenants to terminate either a tenancy at will or by sufferance.

The tenant being in possession under an invalid lease is a tenant at will (*Altschuler* v. *Lipschitz,* 113 N. Y. Supp. 1058), and as such is entitled to the notice required by section 228 of the Real Property Law before he can be removed; and the petition must state that the notice was given, otherwise it is jurisdictionally defective. Code Civ. Pro., § 2236; *Altschuler* v. *Lipschitz, supra; Bent* v. *Renken,* 86 N. Y. Supp. 110; *Bristed* v. *Harrell,* 20 Misc. Rep. 348. But by appearing generally, joining issue, going to trial on the merits and making no motion during the case or at the close of the evidence, the respondents waived the jurisdictional defect based upon the failure to allege and prove the giving of such notice. *Cutting* v. *Burns,*

57 App. Div. 185, 191; *Schneider* v. *Amendola*, 113 N. Y. Supp. 517.

The landlords are entitled to the final order prayed for in their petition, giving them possession of the premises, with costs.

Ordered accordingly.