AUGUST F. SIEMERS, Plaintiff, *v.* KATHARINE HEUCHEL et al., Defendants.

(Supreme Court, Kings Trial Term, November, 1919.)

**Lease — when authority of agent must be in writing.**

> Where in an action for damages caused by not getting possession under a written lease for five years it appears that the lease was executed by defendants' agent without written authority and that there was no ratification in writing of the act of the agent, a motion for a new trial made after the dismissal of the complaint will be denied.

MOTION for a new trial.

David Blitzer (David L. Podell and Jacob Podell), of counsel), for plaintiff.

Fred L. Gross, for defendants.

CROPSEY, J. A motion for a new trial was taken under advisement after the complaint had been dismissed. The action is for damages caused by plaintiff not getting possession of property under a lease for five years. The lease was in writing but was not signed by the defendants who owned the property. It was signed by their brother.

The plaintiff claims the brother was the agent of the defendants authorized to make the lease but the proof of this is very meagre if in fact there is any. It is conceded however he had no authority in writing. And this is essential. Without written authority a lease for more than a year executed by an agent is void. Real Prop. Law, § 242; *Larkin* v. *Radosta,* 119 App. Div. 515; *Finkelstein* v. *Fabyik,* 107 N. Y. Supp. 67. A lease or other conveyance of real property must

not be confused with a *contract* for its leasing or sale, which may be made by an agent without written authority. Real Prop. Law, § 259; *Newton* v. *Bronson,* 13 N. Y. 587, 593; *Moody* v. *Smith,* 70 id. 598.

On the trial the plaintiff claimed that even though his lease for five years was void it was good for one year. This claim seems to have been withdrawn, as no mention of it is made in his brief. There is no basis for such a holding. A lease for more than a year executed by an agent who did not have written authority is void. It is in the same class with a lease for less than a year executed by an agent who had no authority either verbal or written. Such a lease gives no rights and is unenforcible. McAdam Landl. & Ten. (4th ed.) 71–73; *Dung* v. *Parker,* 52 N. Y. 494. If possession is taken under such a lease, the situation is different, and there may then arise rights and corresponding liabilities. But here the tenant never had possession. Even where such possession is obtained, the tenant *at the time of taking possession* becomes a tenant at will merely and does not have any fixed term. The holding may become one for a year if it may be inferred that is the intention of the parties, and the payment of an aliquot part of the yearly rent, without explanation to the contrary, is sufficient evidence for that purpose. *Talamo* v. *Spitzmiller,* 120 N. Y. 37, 42, 43; *Coudert* v. *Cohn,* 118 id. 309.

The further claim is that though the lease was void it was ratified. But there never was any possession of the property by the tenant and no rent was ever paid by him. In the absence of these facts, or other acts that might constitute a ratification, such a lease can be ratified only by a writing. Where the original authority had to be written to make the agent's act

binding a ratification of the act of an agent not so authorized must be in writing. A verbal approval or acceptance is not sufficient. *Newton* v. *Bronson,* 13 N. Y. 587, 595; *Long* v. *Poth,* 16 Misc. Rep. 85, 87; *Carman* v. *Fox,* 86 id. 197, 199. The cases cited by the plaintiff (*Appelbaum* v. *Galewski,* 34 Misc. Rep. 281; *Anderson* v. *Conner,* 43 id. 384; *Matter of Di Marti,* 72 id. 148; *Hyatt* v. *Clark,* 118 N. Y. 563; *Shimer* v. *Ronk,* 139 App. Div. 137) are not in point. In each the tenant was in possession and the landlord had collected rent, and in the last case named had based a prior summary proceeding upon the existence of the lease later sought to be declared void, and in most of the cases the owner had recognized the lease by making or taking a conveyance subject to it. In the case at bar the claimed ratification was made merely by verbal statements. They do not suffice.

The complaint was properly dismissed and the motion for a new trial is denied.

Motion denied.