KATHERINA O'NEILL, Landlord, *v.* STEPHAN DERDERIAN, Tenant, and Others.

Municipal Court of New York, Borough of Manhattan, Tenth District, January, 1931.

*Charles J. Lane,* for the landlord.

*Samuel A. Zucker,* for the tenant.

WATSON, J. In a prior summary proceeding instituted by the landlord against the tenant for non-payment of rent under a certain lease assigned to the tenant, Mr. Justice LEWIS held that by reason of the provision contained in section 82 of the Multiple Dwelling Law (added by Laws of 1929, chap. 713), prohibiting the use of the premises involved herein as a rooming or lodging house, " the use provided by the lease is an unlawful undertaking and as such is void, hence unenforcible." The petition was thereupon dismissed, without prejudice, the court observing that " while the landlord has a right to possession he has mistaken the theory of his remedy." (*O' Neill* v. *Derderian,* 138 Misc. 488.)

There was proof in that proceeding that violations were filed by the tenement house department against the premises because of the unlawful use thereof in violation of section 82 of the Multiple Dwelling Law.

After the dismissal of said proceeding, the landlord served upon the tenant a written notice of not less than thirty days requiring him to remove from the said premises, and at the expiration of the period therein stated the landlord instituted this holdover proceeding.

The tenant, remaining in possession and continuing the use of the premises in the manner prohibited by said Multiple Dwelling Law, asserts that the landlord is without authority to maintain this proceeding by reason of the inhibition contained in section 302 of that law (added by Laws of 1929, chap. 713), that " No rent shall be recovered by the owner or lessee of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for non-payment of such rent."

This proceeding is not brought to recover possession of the premises for non-payment of rent, but is instituted to remove the tenant from the premises upon the expiration of the tenant's term, in order that the landlord may be enabled to comply with the order of the tenement house department directing the discontinuance of such unlawful use of the premises and the restoration of the same to its original occupancy.

At the trial of this proceeding, tenant's counsel further maintained that the lease having been declared void, the relationship of landlord and tenant between the parties ceased to exist and that recovery of the premises may be had only in accordance with the provisions of subdivision 2 of section 302 of the Multiple Dwelling

Law, that " the department charged with the enforcement of this chapter may cause such building or the part to be vacated." In other words, that the tenement house department alone may take the appropriate proceeding to obtain vacation of the premises because of such unlawful use. This contention is untenable. The violations are against the premises. Non-compliance with the order of the tenement house department will render the landlord amenable to other and more drastic action by that department. The landlord has no other means of obtaining possess on of the premises for the purpose of complying with such order than by the instant proceeding.

The lease between the parties having been declared void, the present tenancy is one at will.

Where one takes possession under an invalid or void lease, his tenancy at its inception is at will. (*Carman* v. *Fox*, 86 Misc. 197; *Altschuler* v. *Lipschitz*, 113 N. Y. Supp. 1058.) So, too, a tenancy without any term prescribed or rent reserved, or one expressly during the will of the lessor, or a simple permission to occupy, creates a tenancy at will unless there are circumstances to show an intention to create a tenancy from year to year. (1 Gerard N. Y. Real Prop. [6th ed.] § 441.)

In *Carman* v. *Fox* (86 Misc. 197, 200) the court says: " The tenant being in possession under an invalid lease, is a tenant at will (*Altschuler* v. *Lipschitz*, 113 N. Y. Supp. 1058), and as such is entitled to the notice required by section 228 of the Real Property Law before he can be removed; and the petition must state that the notice was given, otherwise it is jurisdictionally defective."

There is no force in the tenant's contention that the filing of a notice of appeal by the landlord on December 16, 1930, from the determination made in the non-payment summary proceeding, vitiated the notice to quit served by the landlord upon the tenant on December 4, 1930.

As the tenant is still in possession of the premises, his counter-claim for $375, the amount of the security deposited with the landlord, is dismissed, without prejudice.

The landlord is entitled to a final order awarding to her delivery of the premises described in the petition, by reason of the expiration of the tenant's term.