[Civ. No. 5028.   Third Appellate District.—January 8, 1934.]

RETTIE M. ALTON, Appellant, v. GERTRUDE LEAH HAYWOOD, as Administratrix, etc., Respondent.

James R. Jaffray for Appellant.

Wilbert C. Hamilton and Frank S. Adams for Respondent.

LEMMON, J., *pro tem.* — Plaintiff appeals from an adverse judgment in an action brought to have declared a trust in certain real property. Respondent has neither filed a reply brief nor presented an oral argument on this appeal.

Two causes of action are set forth in plaintiff's amended complaint. The first alleges that plaintiff is the surviving mother of the deceased, Allie Fred Haywood, and that she had instructed a notary public to prepare a deed of gift in joint tenancy from plaintiff to her three children, one of whom was said Haywood; that thereafter and at the request of the notary public she affixed her signature to a deed which at the time was blank as to the names of the parties to the deed, date and description of the property to be conveyed; that the notary thereafter filled in the blanks and inserted the names of the grantees, who, under the terms of the deed, were constituted tenants in common instead of joint tenants; that plaintiff signed the deed relying upon the notary to prepare the same in the form she had instructed. The second cause of action sets forth, in addition to the above allegations, that plaintiff was seriously ill at the time of the signing of the deed and that the deed was executed with the understanding and agreement had with the grantees therein that they would reconvey the property to plaintiff in the event of her recovery from her illness; that the most confidential relations existed between plaintiff and said grantees at the time of the signing of the instrument; that the con-

sideration for the deed was love and affection and that it would not have been executed but for plaintiff's belief at the time that she was *in extremis* and the trust and confidence which she placed in her children. Issue was joined by the defendant's denial of the allegations as to the intent, purpose and understanding of the parties to the deed and the circumstances of the execution thereof.

At the trial of the action, plaintiff introduced the deed, and, when asked whether she signed the same, testified "No, I signed a blank deed." Defendant moved to strike out this answer upon the theory that plaintiff was precluded from so testifying under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure. The motion was granted. No further evidence was offered with reference to the circumstances under which the deed was executed. The trial court granted the defendant's motion for a nonsuit as to the first cause of action and judgment was entered against the plaintiff after trial of the issues raised by the denials of the allegations contained in the second cause of action.

Plaintiff contends that the deed was void for the reason that when executed by the grantor it was silent as to the names of the parties thereto, date of execution and description of property to be conveyed. As a general rule a deed so executed is void. If the deficiencies are subsequently supplied and filled in by an agent of the grantor, his authority so to do can only be given by an instrument in writing. (*Harris* v. *Barlow*, 180 Cal. 142 [179 Pac. 682].) An exception to this rule exists where the changes in or additions to the instrument are inserted by the agent in the immediate presence of the principal. (*Videau* v. *Griffin*, 21 Cal. 389.)

Plaintiff offered no evidence to show that the authority of the agent was not in writing or to show by whom and under what circumstances the deficiencies were supplied. Proof that the instrument at the time of the execution lacked the data necessary to constitute it a deed raises the presumption that the authority of the one later inserting the data was not in writing, "If such authority in fact existed, it should have been produced. In the absence of its production the presumption is that it did not exist. Whatever authority, therefore, the attorney possessed upon the subject, we must regard as having been conferred by parol." (*Videau* v. *Griffin, supra.*) Similarly, where in the absence of

written authorization it is claimed that the changes and additions are made in the immediate presence of the principal, the party who relies upon it has the burden of affirmatively establishing the fact.

The trial court erred in striking out the testimony above set forth. The action was not one on a claim or demand against the estate of Allie Fred Haywood. "Claim or demand" within the meaning of subdivision 3 of section 1880 of the Code of Civil Procedure refers to such demands as might have been enforced against the decedent in his lifetime by a personal judgment. (*Fallon* v. *Butler*, 21 Cal. 24 [81 Am. Dec. 140].) A claim of title to real property which is held by the representative of the estate of a deceased person does not preclude the claimant from being a witness in his own behalf in an action to establish a trust in the property or to quiet title thereto. (*Myers* v. *Reinstein*, 67 Cal. 89 [7 Pac. 192].) The reason for the rule is convincingly expressed in the case of *Bollinger* v. *Wright*, 143 Cal. 292 [76 Pac. 1108], wherein it is stated: "To hold that it (the property in question) is part of the estate and thus render the witness incompetent, would be to determine in advance the very question at issue. If it is not the property of the estate, then the action does not involve a claim or demand against the estate."

The findings of fact are silent as to the issue raised by the denial of allegations in both causes of action that the deed at the time of its execution did not contain the date, names of the parties and description of the property to be conveyed. This was a material issue, an offer of proof was made by plaintiff and she was entitled to a finding thereon.

The judgment is reversed.

Pullen, P. J., and Plummer, J., concurred.