In an action for specific performance of an agreement for the sale of real property, defendant’s motion for summary judgment was granted and plaintiff appeals. Order reversed on the law, with $10 costs and disbursements, and the motion denied, with $10 costs. Upon the present record summary judgment should not have been allowed since factual questions were presented as to whether defendant, by her conduct, estopped herself from denying her husband’s authority, or from invoking the aid of the Statute of Frauds. Lewis, P. J., Carswell, Johnston and Nolan, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: The written binder of May 3, 1946, alleged by plaintiff to be an agreement by defendant to sell, actually is signed only by her husband as “seller”. (Cf. Mondrus v. Salt Haven Corp., 270 App. Div. 1030.) There was no other, writing. Prior to the amendment of section 259 of the Real Property Law (L. 1934, ch. 750), plaintiff might have adduced parol proof to show that the husband had acted as agent for defendant (see cases cited in Lerand Corporation v. Meltzer, 267 N. Y. 343, 346), but the amendment serves to render the alleged contract void as against defendant for, undisputedly, there was no written authorization of the husband as agent. (Cf. Kozel v. Dearlove, 144 Ill. 23.) Plaintiff’s showing is to the effect that defendant was present at the time of the signing by her husband and insisted that the deposit be increased from $100 to $250. However, there is no showing by or on behalf of plaintiff *899 that a deposit of $100 was tendered to defendant. Plaintiff avers that the deposit was paid to the husband. Of the two checks totaling $250, one was made to the order of the husband and the other to the order of the real estate broker and indorsed by him to the husband, and it was the husband alone who indorsed these checks to pay, in part, the balance of purchase price of another parcel of land, the deed to which was made to the husband and defendant. There is no factual showing that defendant had anything to do with these cheeks and such use of them. On the other hand, defendant denies that she ever authorized her husband to sell the house and avers that the agreement was executed by him over her protests, made at the time. This is precisely the issue of fact which the Statute of Frauds precludes. In any event, the conduct of defendant cannot be held to estop her from denying that the agreement was hers, for it appears on its face that it was not hers, but the husband’s. Plaintiff dealt with the husband, and not her, as principal. This is not a base where an owner ratified possession of a tenant (Hyatt v. Clark, 118 N. Y. 563; Shimer v. Ronk, 139 App. Div. 137), and is to be contrasted with such part performance as is essential to avoid application of the Statute of Frauds. (Woolley v. Stewart, 222 N. Y. 347; George v. Dobson, 261 App. Div. 447, affd. 287 N. Y. 675.) [See post, p. 984.]