REEDY ELEVATOR CO. v. SILBERSTEIN & SILVER, Inc., et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. BILLS AND NOTES (§ 232*)—ACTION AGAINST INDORSERS—EVIDENCE—SUFFICIENCY.

The mere indorsement, "S.—S.," on a note given by S. & S., a corporation owned by defendants S. and S., and a statement that the note was indorsed by defendants personally, in a letter to the payee accompanying the note, written by the corporation's bookkeeper, does not establish an individual indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 232.*]

2. BILLS AND NOTES (§ 496*)—ACTION AGAINST INDORSERS—BURDEN OF PROOF.

In an action on a note given by S. & S., a corporation owned by defendants S. and S., and indorsed "S—S.," the burden was on the payee, in suing on the note, to show that defendants indorsed the note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 496.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Reedy Elevator Company against Silberstein & Silver, Incorporated, and others. From a judgment for plaintiff, defendants Max Silberstein and Hyman Silver appeal. Reversed as to appellants, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

114 N.Y.S.—50

J. A. Seidman, for appellants.
Wesselman & Kraus, for respondent.

PER CURIAM. The judgment is against all the defendants. The facts are substantially as follows: The firm of Max Silberstein and Hyman Silver incorporated itself under the name of "Silberstein & Silver." This corporation made a note, payable to plaintiff, and delivered the same for value to plaintiff. On said note appears the following indorsement: "Silverstein—Silver." This note, with such indorsement thereon, was sent by the bookkeeper of the corporation to plaintiff, with a letter in which the bookkeeper stated as follows: "Note is indorsed by Silberstein and Silver personally." The only witness at the trial was the defendant Silberstein, whose evidence, as to the alleged defense that the payment of the note was conditional on certain acts of plaintiff and that those acts were not performed, is claimed by respondent to be so contradictory, hesitating, shifty, and so contrary to the inherent probabilities of the case that the court was fully warranted in disbelieving it. Be this as it may, there is no appeal by the defendant corporation, and, whether or not Silberstein's testimony on this branch of the case was sufficient to call upon the plaintiff for some evidence in support of the note, that question need not be discussed here, as another ground is presented which requires a reversal of the judgment as to the defendants Max Silberstein and Hyman Silver.

With regard to the defense of these individual defendants, which alone is argued by counsel for appellants on this appeal, it is urged by respondent's counsel that, if the statement of the bookkeeper with reference to the indorsement was not correct, there seems to have been no reason whatever for those names appearing as indorsers on the note. Silberstein, however, swears as follows:

"Q. Did you ever authorize your bookkeeper to write this letter in the form in which it is written? A. No, sir."

He does not deny, however, that he and his partner, Silver, indorsed the note, nor is he interrogated as to whether or not they did so indorse the note. It does not seem to us that the mere appearance of the names on the back of the note and the unsworn statement in the letter of the bookkeeper above quoted are sufficient to establish, by a fair preponderance of proof, the claim of a personal indorsement by the individual defendants, although it may, perhaps, be said that the omission of the defendant Silberstein to specifically deny the indorsement lends an appearance of probability to the validity of the indorsement. Nevertheless plaintiff was bound to prove his claim against the individual defendants affirmatively, by showing, through competent proof, that the indorsement was in point of fact made by such defendants. Plaintiff's counsel had the opportunity of questioning Silberstein on the subject, but he did not avail himself of such opportunity. The counsel for defendants was hardly under an obligation to help out the plaintiff, in this regard, by drawing from Silberstein an admission of the latter's liability.

The judgment as to the individual defendants should be reversed, and a new trial granted as to them, with costs to abide the event.