REEDY ELEVATOR CO. v. SILBERSTEIN & SILVER, Inc., et al.

(Supreme Court, Appellate Term.   May 27, 1909.)

CORPORATIONS (§ 519*)—NOTES—ACTION AGAINST INDORSER—EVIDENCE.
    In an action on notes given by a corporation, and purporting to be indorsed by the owners of the corporation individually, evidence *held* to show that the owners indorsed the notes individually, authorizing a recovery against them.
    [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 519.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Reedy Elevator Company against Silberstein & Silver, Incorporated, and others. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Wesselman & Kraus (Bertram L. Kraus, of counsel), for appellant. J. A. Seidman, for respondents.

DAYTON, J. On a former appeal in this case the judgment against Silberstein and Silver individually was reversed (February term, 1909 [114 N. Y. Supp. 785]), on the ground that by a fair preponderance of proof it was not established that the note in question was indorsed by Silberstein and Silver individually. The note was given as a final payment for a $1,000 elevator furnished while Silberstein and Silver were copartners. Silberstein & Silver, Incorporated, was organized in February, 1908. The note in suit, dated April 30, 1908, was inclosed in a letter signed "Silberstein & Silver, Inc., B. S.," stating:

"We herewith inclose you check for $58.33 and note $280 with interest, and would kindly ask you to accept same in payment for note due April 30th for $333.33.  *  *  *  This is the best we can do, as you are well aware of the present difficulty in collecting outstanding accounts."

At the foot of the letter, in the handwriting of "B. S.," a bookkeeper in defendants' employ prior and subsequently to incorporation, are the following words:

"P. S.—Note is indorsed by Silberstein and Silver personally."

This note is payable to the order of Reedy Elevator Company; but the first indorsement is "Silberstein & Silver." On the last trial defendant Silver was called by plaintiff, and testified that the signature,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Silberstein & Silver," on the note, was in his handwriting. Defendant Silberstein was also called by plaintiff, and testified that he did not authorize Mr. Silver to sign for him, and also endeavored to contradict his testimony on the former trial, to wit, that "B. S." was bookkeeper for the firm before incorporation. Defendants did not produce the bookkeeper, Benjamin Smith.

No evidence was offered by defendants showing or tending to show that plaintiff had knowledge of any dissolution of the firm of Silberstein & Silver, or of the incorporation of Silberstein & Silver, or that there had been any change of credit since the contract for the elevator was made. The effort of the defendants to show that this indorsement was intended to be the act of the corporation fails of its own weakness. The evidence now adduced meets the criticism of the former Appellate.Term, and is sufficient to bind the defendants individually. The trial judge, therefore, erred in finding for the defendants.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.