ANDERSON et al. v. CONNOR.

(Supreme Court, Appellate Term.  March 28, 1904.)

1. CONTRACT BY AGENT UNDER SEAL—EVIDENCE OF AUTHORITY TO MAKE CONTRACT—ADMISSIBILITY.

Where a contract was executed by an agent in his own name, under seal, evidence that he was agent, and that he executed the contract for his principal, was incompetent.

2. LEASE—EXECUTION BY AGENT—VALIDITY.

A lease executed by an agent in his own name, under seal, without authority from his principal, is voidable, but not invalid.

3. SAME—RATIFICATION BY PRINCIPAL.

A corporation recognizing the validity of a lease executed by its principal officer in his own name, under seal, by collecting the rent from the tenant, ratified the lease.

4. SAME—PURCHASER—KNOWLEDGE OF TENANCIES—PRESUMPTIONS.

A purchaser of real estate, "subject to existing tenancies," who found tenants in actual possession, is presumed to have ascertained the nature, extent, and terms of the existing tenancies, and the fact that he had no actual knowledge of the terms of the lease of any particular tenant does not destroy such legal presumption.

5. SAME—RATIFICATION OF LEASE BY PURCHASER.

A purchaser of real estate, "subject to existing" tenancies, who recognizes a tenant found in possession at the time of the purchase by collecting rent from him, validates thereby the voidable lease held by the tenant.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Proceedings to dispossess a tenant for nonpayment of rent by Clarence E. Anderson and others against Earle Connor.  From a judgment for defendant, plaintiffs appeal.  Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

John J. Lordan, for appellants.
Luce & Davis, for respondent.

SCOTT, J.  The history of the material facts in this case are as follows:  In 1899, the demised premises were owned by George and Charles H. Plyer.  On August 13, 1899, they leased the premises, an apartment house, to the Amsterdam Realty Company, a domestic corporation, for the term of 10 years.  The Amsterdam Realty Company took possession of said premises, and continued to occupy and collect the rents therefrom, until October 23, 1901, when they surrendered their lease and the possession of the premises to the Plyers.

Prior to this time, and in August, 1901, the defendant had entered into possession and occupancy of an apartment in said house by virtue of a written sealed lease executed by "D. Lamb, Agent," which lease was for a term of three years from October 1, 1901, at a monthly rental of $40 per month, payable in advance.  After the surrender of the lease made between the Plyers and the Amsterdam Realty Company, George Plyer, who had become sole owner, sold the premises to one Lassall.  Lassall sold them to M. S. Mannes and A. M. Rau,

¶ 3. See Corporations, vol. 12, Cent. Dig. § 1714.

who in turn transferred the property to these landlords. Each of said conveyances were made by the grantors and taken by the grantees subject to "existing tenancies." The conveyance by which these plaintiffs obtained title. was dated March 12, 1903. On August 29, 1903, the landlords notified the defendant that on and after the 1st day of October, 1903, the monthly rental of said apartments would be $45 per month. The tenant continued his occupation of the premises, but, refusing to pay the $5 extra demanded by the landlords for the month of October, these proceedings were instituted, and from a decision in favor of the tenant the landlords appeal.

The landlords, ignoring any prior lease to the tenant, allege in their petition that he is a monthly tenant. He rests upon his lease from Lamb. It appears that when Lamb executed the lease he was president of the Amsterdam Realty Company, a corporation which held the whole apartment house as lessee under the owners of the fee. The name of the realty company does not, however, appear anywhere in the lease, which is executed by Lamb in his own name, under seal. It is well settled that a contract under seal cannot be turned into the simple contract of a person not in any way appearing upon its face as a party to it, or interested in it, on proof de hors the instrument that the nominal party was acting as the agent of another, and this is true notwithstanding it may appear that the instrument was one not requiring to be sealed in order to be valid, and therefore that the seal was a superfluity. Briggs v. Patridge, 64 N. Y. 357, 21 Am. Rep. 617; Schaefer v. Henkel, 75 N. Y. 378; Henricus v. Englert, 137 N. Y. 494, 33 N. E. 550. It was not competent, therefore, to show that Lamb was the agent of the Amsterdam Realty Company, or executed the lease in its behalf. There being no legal evidence of any authority, written or verbal, to Lamb to execute a lease on behalf of the Amsterdam Realty Company, it must be conceded that the lease, at its inception, was void as to that company, and might have been disavowed by it. Although a void lease, inasmuch as the lessor had no authority to' make it, it was not, properly speaking, an invalid lease; that is to say, it complied with all the legal requirements as to form and substance, and as between Lamb and the tenant was a complete instrument. All that it lacked was Lamb's authority to convey the term, and to invest the tenant, as against the real owner; with the right of possession. In short Lamb had, without authority, undertaken to lease the property of the realty company. As it was within the power of the realty company to disavow this lease, so it was within its power, and within the power of subsequent grantees of the property, to accept and ratify it, and when thus ratified it would become valid and effectual for every purpose. Hyatt v. Clark, 118 N. Y. 563, 23 N. E. 891; Appelbaum v. Galewski, 34 Misc. Rep. 281, 69 N. Y. Supp. 636. Such ratification may be inferred from the fact that the owner of real property held under an unauthorized lease, with knowledge of the infirmity of the lease, recognizes the lessee as his tenant, and accepts and receives from the tenant the benefits of the lease. This was done by the Amsterdam Realty Company. From the commencement of the term, down to the date that it surrendered its interest in the property, it recognized this tenant as its tenant and

accepted his rent.   It must be held to have done this with knowledge of the facts relating to the lease, because its principal officer himself executed the lease and let the tenant into possession.   The company is certainly chargeable with his knowledge.   Not only was the lease ratified by the Amsterdam Realty Company, but every subsequent grantee of the property, including the landlords who institute this proceeding, have also, as a matter of law, ratified the lease.   It is a firmly established rule of law that a purchaser of real property, having knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, is presumed either to have made due inquiry and ascertained the full extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a bona fide purchaser as against the holder of the right or title.   Williamson v. Brown, 15 N. Y. 354; Reed v. Gannon, 50 N. Y. 345.   It is only where he had made diligent inquiry, and been unable to ascertain the extent of the adverse claim, that he is relieved from this presumption; and there is no evidence in the case that these landlords, or any previous grantee, made any inquiry at all.   When the present landlords and their predecessors in title accepted deeds "subject to existing tenancies," and found tenants in actual possession, they must be presumed to have ascertained and known the nature, extent, and terms of these tenancies, and of the leases under which they were held; for the fact of an existing tenancy necessarily presupposes a lease of some kind.   The fact, admitted upon the record, that none of the grantees had actual knowledge of the terms of this particular tenant's lease, is immaterial, and in no wise destroys the legal presumption of knowledge arising from the facts.   It simply shows that the successive grantees were negligent.   Each grantee, including these landlords, after accepting conveyances of the property, subject to the respondent's tenancy and lease, and having by presumption of law full knowledge of the terms of such lease, accepted respondent's attornment to them as landlords, and without exacting or making any new lease or agreement received the rent as it became due.   The result of this was a recognition and reaffirmation of respondent's lease on the part both of the tenant and the landlords.   It is well settled in this state that where a lease was originally invalid for want of title in the lessor, and a subsequent purchaser or the holder of the true title accepts attornment from the lessee under the invalid lease, with knowledge of the terms and conditions of the lease, he validates the lease.   Austin v. Ahearne, 61 N. Y. 6.   This is precisely the case presented upon this appeal.   It follows that the order appealed from was right, and it should be affirmed, with costs.

Order affirmed, with costs.   All concur.