### UNITED REALTY & MORTGAGE CO. v. STOOTHOFF.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

LANDLORD AND TENANT (§ 32*)—LEASES—RATIFICATION—ATTORNMENT.

Where a person not the owner leased premises with no authority to do so, and a subsequent purchaser of the owner, upon delivery to it of the lease, accepted the attornment to it as landlord of the lessee, it adopted the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 92; Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District. Summary proceedings by the United Realty & Mortgage Company against John L. Stoothoff.   Judgment of dismissal, and plaintiff appeals.   Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Foley & Martin, for appellant.
Henry S. Mansfield and H. B. Davis, for respondent.

MILLER, J.   On the 1st day of June, 1907, one George E. Baldwin executed in his own name as landlord a lease under seal of an apartment in an apartment hotel to the respondent for the term of one year, with the privilege of renewal for the further term of two years,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the respondent either entered or continued in possession under that lease. Baldwin did not own the premises, and, so far as it appears, had no authority from the owner to lease them. The then owner, one Thorne, conveyed the premises to the Holland Realty & Mortgage Company by deed, dated June 15, 1907, and that grantee conveyed to the petitioner by deed dated August 19, 1907. On September 1, 1907, the petitioner leased the entire premises to Baldwin for the term of five years. On the 17th of October, 1907, that lease was canceled, and a similar lease for a like period was made to one Cohen; and later the petitioner re-entered for a breach of that lease. See Cohen v. Carpenter, 128 App. Div. 862, 113 N. Y. Supp. 168.

There is evidence to show that the lease to the respondent was delivered to the petitioner and to its grantor when each acquired title, that each accepted the attornment of the respondent to it as landlord, and that the respondent again attorned to the petitioner upon its re-entry for breach of the Cohen lease. The petitioner did not raise any objection to the respondent's lease until January, 1908, and then continued to accept the monthly rental up to and including September, 1908, when this proceeding was instituted, asserting that the respondent was a tenant from month to month. We are spared the necessity of an extended discussion of the questions of law involved in this case by the opinion of Mr. Justice Scott in Anderson v. Conner, 43 Misc. Rep. 384, 87 N. Y. Supp. 449, which we adopt as applicable to this case. That case was more favorable to the landlord than this one, in that in that case the landlord did not have actual knowledge of the terms of the lease. This decision does not conflict with the case of Stanton v. Granger, 125 App. Div. 174, 109 N. Y. Supp. 134, recently decided by us, as that case did not involve the effect of an attornment to a subsequent purchaser, by a tenant under a lease not made by the owner. By accepting the attornment, the landlord adopted the lease.

The order is affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.