IVY COURTS REALTY CO. v. BARKER.

(Supreme Court, Appellate Term. April 8, 1911.)

1. PRINCIPAL AND AGENT (§ 183*)—ACTION FOR RENT—UNDISCLOSED AGENCY —SEALED LEASE—ACTION BY PRINCIPAL.

An action cannot be brought by an undisclosed principal upon a sealed lease executed by the agent, since actions on sealed instruments cannot be brought by a stranger thereto.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 692; Dec. Dig. § 183.*]

2. LANDLORD AND TENANT (§ 231*)—LEASE—EXECUTION—SEAL—EVIDENCE.

In an action for rent, evidence *held* to show that a lease in evidence was not sealed when delivered to the tenant, though a seal was recited in the attestation clause.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

3. LANDLORD AND TENANT (§ 231*)—RENT—HOLDING OVER.

A sealed lease in the name of an agent of an undisclosed lessor, though not binding on the latter, may be used to establish the terms of the contract implied from the tenant's act in holding over.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PARTIES (§ 95*)—AMENDMENT.

    The court may permit an amendment of the complaint to cure error in the description intended to identify the plaintiff.

    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–166; Dec. Dig. § 95.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Ivy Courts Realty Company against William H. Barker. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Louis E. Felix, for appellant.

Francis Colety, for respondent.

LEHMAN, J. The plaintiff is the owner of an apartment house, and seeks to hold the defendant as a hold-over after the expiration of his lease. In order to establish the terms of the original lease, the plaintiff offered in evidence a lease in the name of "R. F. Kilpatrick, Agent," and signed by the defendant. The lease bore no seal, but was in printed form, and contained an attestation clause:

"In witness whereof, we have hereunto set our hand and seal the 25th day of September, 1908."

The defendant objected that this instrument was incomplete, in that it was unsigned by the other party, and offered the plaintiff its own copy, signed by "R. F. Kilpatrick, Agent, by R. J. Sophian, Mgr.," and by himself, and bearing two seals, and the plaintiff introduced this copy in evidence. It appeared thereafter that R. F. Kilpatrick was plaintiff's agent, but the defendant objected that no undisclosed principal could sue upon a sealed instrument. Thereupon Sophian, who executed the agreement, testified that the seals were not placed upon defendant's lease at the time of the execution, and that he had never seen the seals before. The plaintiff then offered to withdraw the sealed copy of the lease, which it had apparently inadvertently offered in evidence, and to substitute its own copy, and this copy was also admitted in evidence. At the close of the plaintiff's case, the defendant moved to dismiss, and then rested. Thereafter the trial justice gave judgment for the defendant in a memorandum opinion:

"The grounds for this judgment are set forth in Life Insurance Co. v. Bender, 124 N. Y. 47 [26 N. E. 345, 11 L. R. A. 708], Schaefer v. Henkel, 75 N. Y. 378, and Briggs v. Partridge, 64 N. Y. 357 [21 Am. Rep. 617]."

[1] The last two cases decided:

"That in general an action upon a sealed instrument of this description must be brought by and in the name of a person who is a party to such instrument, and that a third person or a stranger to the instrument cannot maintain an action upon the same." Schaefer v. Henkel, supra, at page 381.

There can be no doubt but that this rule is well settled, and apparently the learned trial justice considered that under authority of Life Insurance Co. v. Bender the lease in evidence must be regarded as a sealed instrument, and that in consequence the plaintiff cannot maintain this cause of action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] It seems to me, however, that the lease is not a sealed instrument, and that, even if it were, it does not follow that the plaintiff cannot hold the defendant as a hold-over after the expiration of his lease. The case of Life Insurance Co. v. Bender decided only that where a person, knowing and realizing the difference between a sealed and unsealed instrument, signed a penal bond containing a statement that it was "sealed with our seals," and then delivered it to a person interested in procuring its acceptance, who then had the paper signed by a second obligor, and in good faith affixed seals to the signatures, and then delivered it to the obligee, who accepted it in good faith as a sealed instrument, the obligor is estopped from showing that the instrument was not sealed by him and that his liability was no greater than if the instrument had been unsealed. The decision rests upon the proposition that:

"The recital of a material fact in a bond, which is accepted by the obligee and acted on in the belief of the truth of the statement, estops the obligor from showing in an action on the bond that the recital is not true." 124 N. Y. 51, 26 N. E. 346, 11 L. R. A. 708.

In the case under consideration the defendant knew that the lease was not sealed, and was not deceived by the recital, and consequently no estoppel arises. The landlord does not seek to escape any liability to which it would have been subject if the lease had been under seal, for the lease was effective against it only if unsealed, and it is the tenant who now seeks to have it declared invalid. The case relied on is authority rather for the view that the lease must be regarded as an unsealed instrument, since the opinion clearly intimates that, if the bond had been actually delivered unsealed, the obligor could have established his defense:

"Had the defendant intended in good faith to execute and deliver an unsealed instrument, he should have stricken out the words quoted, or have taken great care to have it delivered to the obligee as executed by him; but he did neither."

Any presumption that might arise from the recital seems to me completely met by the undisputed evidence in this case that the lease was actually unsealed, and by the circumstances that it would not have been effective to bind the landlord if it had been sealed.

[3] Moreover, even if the lease was not binding upon the landlord at the time it was executed, it by no means follows that the landlord cannot maintain this action. In Anderson v. Conner, 43 Misc. Rep. 384, 386, 87 N. Y. Supp. 449, 450, it was held that while the landlord cannot show that a lease executed under seal by his agent in his own name, accompanied by the designation "Agent," was in fact executed in behalf of the landlord, yet where the landlord thereafter recognizes the lessee as his tenant, he ratifies and accepts the lease, and "when thus ratified it would become valid and effectual for every purpose." The opinion in that case was expressly adopted by the Appellate Division (Second Dept.) in the case of United Realty & Mortgage Co. v. Stoothoff, 133 App. Div. 245, 117 N. Y. Supp. 483, and it would appear, therefore, that after the tenant had occupied the premises with the landlord's consent under a sealed lease for a year the landlord

could sue or be sued under the lease. In any event, however, the lease has now expired, and the landlord is no longer asserting any rights thereunder. It is asserting rights under a new contract implied by law from the defendant's acts. No privity of contract between it and the defendant need be shown in such an action. A privity of estate is sufficient. U. M. Realty Co. v. Roth, 193 N. Y. 570, 86 N. E. 544. The prior lease is referred to only for the purpose of establishing the terms of the new implied agreement, and no rule of law exists which can prevent a stranger to a sealed instrument using it for such purpose.

[4] The defendant also claims that the trial justice had no right to permit the plaintiff to amend the complaint. The description was intended to identify the plaintiff actually in court, and the amendment cured the error in the description, but brought in no new party, and was therefore correctly permitted.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.