In re DI MARTI.

(Supreme Court, Special Term, Erie County. May, 1911.)

1. FRAUDS, STATUTE OF (§ 116*)—LEASES—VALIDITY OF ASSENT.

Under Real Property Law (Consol. Laws 1909, c. 50) § 259, providing that a contract for leasing for a longer period than one year is void, unless it or a memorandum thereof is in writing subscribed by the lessor, and section 242, providing that a lease of real property for a term exceeding one year cannot be created, except by a conveyance in writing, subscribed by the person creating the same, or by his lawful agent thereunto authorized in writing, where land was owned by a wife, a written lease for more than five years, signed by the husband alone, though without authority in writing, is voidable, but not invalid.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 255; Dec. Dig. § 116.*]

2. FRAUDS, STATUTE OF (§ 116*)—LEASES—RATIFICATION OF INVALID LEASE.

Where property owned by a married woman is leased for five years, without her signature to any written contract or memorandum, as required by Real Property Law (Consol. Laws 1909, c. 50) § 259, and without a written authority to any agent, as required by section 242, but the owner, with knowledge of the lease and of the tenant's possession, collects rent for more than a year, and with her husband conveys the property to a grantee, who continues to collect rent, and subsequently takes a reconveyance of the leased premises, and thereafter collects rent from the tenant, the acts of the owner amount to a ratification of the invalid lease.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 255; Dec. Dig. § 116.*]

Appeal from City Court of Buffalo.

In the matter of the application of Maria Di Marti for the removal of Julius Leff from certain premises in the city of Buffalo. From a final order of the City Court of Buffalo, granted in summary proceedings, removing the defendant from certain premises on the ground that his term had expired, and that he was holding over without the consent of the plaintiff, defendant appeals. Reversed.

D. N. McNaughton, for appellant.
Francis E. Bagot, for respondent.

WHEELER, J. [1] The owner of the premises in dispute, on or about the 1st of January, 1909, was the petitioner, Maria Di Marti. On or about the 6th day of January, 1909, Joseph Di Marti, the husband of the respondent, entered into a written lease with the appellant, by which he demised to the appellant the premises in question for the term of five years, from January 1, 1909, to January 1, 1914. In this written lease, the husband, Joseph Di Marti, described himself as the landlord, and signed the instrument in his own name. The lease did not disclose the fact that his wife, Maria, was the owner of the premises, nor did he, in terms, assume to act as her agent.

The evidence taken on the trial, however, disclosed that Joseph Di Marti had in fact acted as agent for his wife in the management of this and other property owned by her; that she knew he had rented the premises in question to the defendant Leff. Leff went into possession of the premises under the lease, and the petitioner knew he was occupying under a lease and arrangement made with her husband. Her husband collected the rents reserved, and paid them to his wife, and she knew the moneys received were for rent paid by Leff. She contends, however, she was ignorant of the terms of the lease, and did not see the instrument.

The defendant, Leff, went into possession and paid the rent to Joseph Di Marti, and his wife received this rent from her husband until April, 1910, when the petitioner and her husband conveyed the property to one Ortolani. Ortolani then received the stipulated rent from the defendant as tenant. Ortolani did contend, however, that, inasmuch as the lease had not been recorded, he was not bound by its provisions, and accordingly took proceedings to dispossess the tenant. The City Court dismissed those proceedings.

Subsequently, in October, 1910, Ortolani reconveyed the premises to Maria Di Marti, and she collected the rent from the defendant from October to December, 1910. In January, 1911, the petitioner commenced summary proceedings to oust the defendant, on the ground that he was a tenant at will. These were disposed of adversely to the petitioner. Thereupon the petitioner served on the defendant a 30-day notice to terminate his tenancy, on the theory that he was a tenant from month to month, and, the tenant not vacating the premises, the plaintiff then began these proceeedings to oust the defendant, on the ground he was holding over after the termination of his lease. The petitioner prevailed in the court below, and this appeal is now taken from the order to dispossess.

The petitioner proceeds upon the theory that the lease made by Joseph Di Marti to the defendant is void under the provisions of section 259 of the real property law, constituting chapter 50 of the Consolidated Laws, which provides:

"A contract for the leasing for a longer period than one year * * * is void unless the contract or some note or memorandum thereof, expressing

the consideration, is in writing, subscribed by the lessor  *  *  *  or by his lawfully authorized agent."

And section 242 of the same law, reading:

"An estate or interest in real property, other than a lease for a term not exceeding one year or any trust or power, over or concerning real property or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared unless by act or operation of law or by a deed or conveyance in writing subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing."

We must assume that, under the provisions of the sections quoted, the lease in question, at its inception, was void as to Maria Di Marti, the owner of the premises, and she might have disavowed it. It was, nevertheless, not an invalid lease. It complied with the requirements of the law in form and substance. It simply lacked the written authority of the husband to make it. That fact, however, did not deprive Maria Di Marti of the power to ratify and confirm the agreement, or of subsequent grantees to accept it and make the tenant attorn to them for the payment of the rent. When so ratified, the lease became valid and effectual for every purpose. Hyatt v. Clark, 118 N. Y. 563, 23 N. E. 891; Appelbaum v. Galewski, 34 Misc. Rep. 281, 69 N. Y. Supp. 636; Anderson v. Conner, 43 Misc. Rep. 384, 87 N. Y. Supp. 449; United Realty & M. Co. v. Stoothoff, 133 App. Div. 245, 117 N. Y. Supp. 483; United Realty & M. Co. v. Carpenter, 133 App. Div. 926, 117 N. Y. Supp. 484.

[2] Did the petitioner ratify the lease? We think she did. Her husband had authority to lease, although no written authority. She knew he had leased the property to the defendant, and that he was in possession and paying rent under the lease; and she knew she was getting the rent money, and continued to take it for more than a year. May the landlord, under such circumstances, after having received the fruits and benefits of an agreement, repudiate it? She certainly was put on inquiry as to what her husband and agent had done. It was said, in the case of Anderson v. Connor, 43 Misc. Rep. 387, 87 N. Y. Supp. 451:

"It is a firmly established rule of law that a purchaser of real property, having knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, is presumed either to have made due inquiry, and ascertained the full extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a bona fide purchaser as against the holder of the right or title. Williamson v. Brown, 15 N. Y. 354; Reed v. Gannon, 50 N. Y. 345."

This diligence of inquiry clearly devolved on the petitioner, not only as owner, but also as grantee, when she received a reconveyance of the leased premises from Ortolani to whom she had previously deeded the property. The petitioner could not remain quiescent for nearly two years, accept rent under a lease of her property made by her husband in her behalf, and then seek to repudiate the lease on the plea she did not know its terms or conditions. Under the circumstances, she must be deemed in law and in fact to have ratified the

agreement with her tenant, and to be estopped from now questioning the validity of the arrangement.

These views make it unnecessary for the court to pass on the other questions raised by the appellant.

The order appealed from is reversed, with costs. So ordered.