## O'BRIEN v. CLEMENT.

(Supreme Court, Special Term, Erie County. October 1, 1916.)

1. PRINCIPAL AND AGENT ⬅143(2), 145(2)—UNDISCLOSED PRINCIPAL—WHO MAY SUE.

  As a general rule, where an instrument under seal does not disclose the principal, no person can sue or be sued to enforce its covenants save the named parties.

  [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 503, 514, 516; Dec. Dig. ⬅143(2), 145(2).]

2. LANDLORD AND TENANT ⬅116(5)—TENANCY FROM MONTH TO MONTH—VACATION OF PREMISES—NOTICE.

  Assuming that a tenant, by notice to the landlord that the lease was void, became a tenant from month to month, he then was required to give a month's notice of intention to quit.

  [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 396, 397; Dec. Dig. ⬅116(5).]

3. LANDLORD AND TENANT ⬅116(5)—TENANCY FROM MONTH TO MONTH—VACATION OF PREMISES—NOTICE.

  A tenant from month to month could not, after giving notice of intention to quit on one date, occupy for several months thereafter and claim the notice valid on his then quitting the premises, nor by such notice escape liability for rent.

  [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 396, 397; Dec. Dig. ⬅116(5).]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. Principal and Agent ⬤⟳143(2)—Liability for Rent—Attornment.

Although the landlord was not disclosed in the lease, where the tenant later wrote him, declaring the lease void, and giving notice of intention to quit, but then paid several months' rent to him before quitting without further notice, the tenant was liable for a month's rent, on the ground that he had attorned to the landlord.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 503, 506, 507, 511, 512; Dec. Dig. ⬤⟳143(2).]

Appeal from City Court of Buffalo.

Action by Clara K. O'Brien against Marcus B. Clement. Judgment for plaintiff, and defendant appeals. Affirmed.

William B. Frye, of Buffalo, for appellant.
Joseph T. Wilson, of Buffalo, for respondent.

WHEELER, J. The action was brought to recover a month's rent of certain premises, alleged to be due and owing by virtue of a certain lease, dated June 22, 1915. The complaint set forth the lease, and alleges the plaintiff let said premises to the defendant for the term of 4 years and 10 months from the 1st day of July, 1915. The answer alleges that on said 22d day of June, 1915, the defendant entered into an agreement under seal with W. S. O'Brien, agent, wherein said W. S. O'Brien let said premises for said term; that at the time of executing said lease the defendant did not know the plaintiff was the owner of the premises leased, and that the said W. S. O'Brien had no authority to make said lease; and that the defendant, during all the time he occupied said premises, was a tenant from month to month. The defendant further alleges that prior to the 1st day of March, 1916, he duly notified the said plaintiff of his intention to quit and vacate said premises, and did quit and surrender possession thereof to said plaintiff prior thereto. No testimony was given upon the trial in the court below but it was stipulated by counsel that the plaintiff was the owner of the property in question at the time of making the lease; that W. S. O'Brien, who signed the lease as agent, was in fact the agent of the plaintiff; that the defendant entered into possession of the premises, and remained a tenant of the same until the 29th of February, 1916, paying rent therefor, and vacated the premises on March 1, 1916; and that the premises remained vacant during the month of March. It was further stipulated that more than a month prior to the 1st of March, 1916, the defendant served upon the plaintiff the following written notice:

"To Miss Clara K. O'Brien:

"You are hereby notified that the undersigned will vacate the premises No. 357 Grant street, in the city of Buffalo, Erie county, N. Y., now occupied by him under a tenancy from month to month (the alleged lease therefor dated June 22, 1915, made by W. S. O'Brien, agent, being void) on the 31st day of December, 1915, at which time he will surrender possession thereof to you.

"Dated, November 29th, 1915.

"[Signed]   M. B. Clements, Tenant."

The lease in question was introduced in evidence, and is signed by the said "W. S. O'Brien, Agent," and purports to be an agreement of

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lease between him as agent and the defendant, and contains no refer-
ence anywhere in its body or recitals showing for whom he was acting
as agent, or who was the actual owner of the property leased.

[1] The sole objection raised on this appeal is to the right of the
plaintiff to sue and recover; it being contended that where an instru-
ment is executed under seal and the principal for whom the agent acted
is not disclosed or mentioned, no person can sue or be sued to enforce
its covenants except those named as parties thereto. There is no doubt
such is the general rule of law. Henricus v. Englert, 137 N. Y. 488,
33 N. E. 550; Kiersted v. O. & A. R. R. Co., 69 N. Y. 345, 25 Am.
Rep. 199; Briggs v. Partridge, 64 N. Y. 357, 21 Am. Rep. 617.

Nevertheless, the plaintiff contends that the defendant recognized
the plaintiff as the real party in interest, dealt with her as such, and
that under the circumstances of the case she is entitled to recover.
The court below evidently took this view, and rendered judgment in
favor of the plaintiff.

It will be noted that the defendant, in the written notice served on
the plaintiff, refers to the lease in question, claims it to be void, as-
serts that he occupied as tenant from month to month, and gives notice
of his intention to vacate on the 31st day of December, 1915. This
intention was not, in fact, followed out, for it appears by the stipula-
tion of the parties that the defendant, notwithstanding the notice, con-
tinued to occupy the premises all the months of January and February,
1916.

[2] Assuming the defendant's contention is correct that he in law
became a tenant from month to month, he then was required by law
to give a month's notice of his intention to quit. Geiger v. Braun,
6 Daly, 506; Ludington v. Garlock, 9 N. Y. Supp. 24; Adams v. City
of Cohoes, 127 N. Y. 184, 28 N. E. 25.

[3] We do not think the notice given could avail to terminate his
tenancy on March 1, 1916. When the tenant, notwithstanding the no-
tice, dated November 29th, of his intention to vacate on December
31st, continued to occupy the premises and pay rent for the months
of January and February, he in effect abandoned any right he had to
terminate his tenancy, and continued his occupancy as tenant from
month to month, and could not thereafter relieve himself from the
obligations to pay rent without giving a new and further notice to termi-
nate his tenancy.

We think it goes without argument that a tenant holding from
month to month cannot serve notice to quit at a given time, and then
claim the benefit of such a notice to vacate at any future date how-
ever remote. That would defeat the very purpose of the rule requir-
ing notice. If the landlord had undertaken to oust the tenant on her
part without the month's notice to terminate the tenancy, want of
such notice would have been a perfect defense to proceedings to oust
the defendant. A reciprocal obligation rested on the tenant to give the
month's notice. Adams v. City of Cohoes, 127 N. Y. 184, 28 N. E.
25; Hall v. Wadsworth, 28 Vt. 410.

[4] For these reasons, we think the court below was right in hold-
ing the defendant liable for the month's rent. We think, too, he be-

came liable on the ground that he had attorned to and recognized the plaintiff as the owner of the premises leased, and the principal for whom W. S. O'Brien acted as agent. While there is no express stipulation to the effect that the rent reserved was paid to the plaintiff instead of to W. S. O'Brien, agent, that, perhaps, is the fair inference to be drawn from the conceded facts. Anyway, it appears the defendant dealt with the plaintiff as principal and the real party in interest, and served the written notice on her as such.

In Anderson v. Conner, 43 Misc. Rep. 384, 87 N. Y. Supp. 449, it was held that while the landlord cannot show that a lease executed under seal by his agent in his own name, accompanied by the designation "agent" was in fact executed in behalf of the landlord, yet where the landlord thereafter recognizes the leasee as his tenant, he ratifies and accepts the lease, and "when thus ratified it would become valid for every purpose." This opinion was adopted in the case of United Realty & Mortgage Co. v. Stoothoff, 133 App. Div. 245, 117 N. Y. Supp. 483, and cited with approval in Ivy Courts Realty Co. v. Barker, 71 Misc Rep. 462, 128 N. Y. Supp. 715.

We think the conceded facts here show a full and complete recognition and ratification by both parties to this action of the acts and agency of W. S. O'Brien, an attornment by the tenant to the plaintiff as the owner, and that it was then too late for the defendant to insist that the agent, and not the principal, could only recover.

These views lead to an affirmance of the judgment.

So ordered.