Arthur Wachtel, J.
This is a holdover proceeding to recover possession of store premises occupied by the tenant as a tailor shop and dry-cleaning store which was appurtenant to a gasoline service station. The premises were owned by F. & P. Service Station, Inc., and are not subject to rent control.
The tenant contends that it took possession pursuant to the following agreement which was drawn by Frank Ferony, an officer of F. & P. Service Station, Inc.:
March 1, 1956.
I agree to rent store at 677 Pelham Parkway North for $85 per month from March 15 to June 15, 1956 and $100 per month from June 15 to March 15,1957 and 2 years option.
Tenant to insure Plate Glass
Tenant to insure Liability
Security one month $100
I agree to rent store to Valet Dry Cleaners, Inc. at 677 Pelham Parkway North. Deposit $30; Balance on March 15, 1956.
(Signed)
Frank Ferony
The tenant paid the deposit of $30, put in fixtures and paid the rent to Ferony by checks payable to F. & P. Service Station, Inc. The tenant has remained in possession since March 15, 1956. On May 16, 1957, F. & P. Service Station, Inc., sold the service station and its appurtenances, including the store in question, to the present landlord, Gibbs Oil Company, Inc. Bent was paid as stipulated in the above writing to the F. & P. Service Station, Inc., up to April 15, and after nonpayment proceedings brought by Gibbs Oil Company, Inc., the rent due April 15 and May 15, at the rate of $100 per month, has been paid to the present owner, Gibbs Oil Company, Inc. On June 13, the present owner served a 30-day notice to vacate upon the tenant and commenced this proceeding July 19,1957.
The landlord contends that the writing relied upon by the tenant is void within the Statute of Frauds (Beal Property Law, § 259), upon the ground that the writing is not signed by the party to be charged or his agent authorized thereunto in writing. Section 259 of the Beal Property Law provides as follows:
“ § 259. When contracts to lease or sell void. A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, *845 unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing. ’ ’
The landlord contends that the writing is signed by an individual, Frank Ferony, not as an officer or agent of F. & P. Service Station, Inc.; that the tenant took possession under a void lease specifying a monthly rental, and that accordingly, it became a tenant from month to month. The landlord relies, in support of its contention, upon Talamo v. Spitzmiller (120 N. Y. 37). The case of Talamo v. Spitzmiller is not authority for the proposition that the recital of rental, namely, annual rental or monthly rental in and of itself is controlling. The rule laid down by the Court of Appeals is applicable only to cases where a tenant occupies pursuant to a void lease and the question arises whether the evidence is sufficient to establish a new contract of a tenancy from year to year. While the terms of rental, annual or monthly, may have a bearing (see Karsch v. Kalabza, 144 App. Div. 305 and cases there cited) it is fundamentally a matter of sufficiency of proof (Talamo v. Spitzmiller, supra, pp. 42, 44). Even if this rule were applicable to the case at bar, the proof is sufficient to rule out landlord’s contention for this is not merely a case of a monthly rental stipulated in a void lease. The tenant has paid and the landlord has accepted rent pursuant to the alleged lease. The tenant has, in reliance thereon, installed fixtures and operated his dry-cleaning store for over a year and three months before any notice to vacate was served.
In any event, the court is of the opinion that the rule of Talamo v. Spitszmiller does not apply to this case at all, in that the tenant has occupied the premises under a lease which has been ratified and validated by the landlord and it is estopped from repudiating it, in accordance with the rule set forth in Anderson v. Conner (43 Misc. 384) and followed in United Realty & Mtge. Co. v. Stoothoff (133 App. Div. 245); Ivy Courts Realty Co. v. Barker (71 Misc. 460, 462, 463); Rhinelander Real Estate Co. v. Cammeyer (117 Misc. 67); Matter of Di Marti (72 Misc. 148); Ehrlich v. Hollingshead (275 App. Div. 742, 743).
In the case of Anderson v. Conner (supra) it was held that where the president of a corporation leased premises without authority from the corporation, in his own name, for three years, at rental payable monthly in advance and the corporation thereafter accepted rent from the tenants, the lease was ratified by the corporation and grantees who took, subject to the existing tenancy, and accepted rent from the tenant at the rate fixed by *846 the lease also ratified the lease and could not treat the tenant as one holding by the month. As the court said (p. 386): “As it was within the power of the realty company to disavow this lease so it was within its power, and within the power of subsequent grantees of the property, to accept and ratify it, and when thus ratified it would become valid and effectual for every purpose. Hyatt v. Clark, 118 N. Y. 563; Appelbaum v. Galewski, 34 Misc. Rep. 281. Such ratification may be inferred from the fact that the owner of real property held under an unauthorized lease, with knowledge of the infirmity of the lease, recognizes the lessee as his tenant and accepts and receives from the tenant the benefits of the lease. * * * From the commencement of the term, down to the date that it surrendered its interest in the property, it recognized this tenant as its tenant and accepted his rent. It must be held to have done this with knowledge of the facts relating to the lease, because its principal officer himself executed the lease and let the tenant into possession. The company is certainly chargeable with his knowledge.” Not only was the lease ratified by F. & P. Service Station, Inc., but also as a matter of law by its grantee, the present owner, Gibbs Oil Company, Inc. As the court pointed out in Anderson v. Conner (supra, pp. 387-388): “ It is a firmly established rule of law that a purchaser of real property having knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, is presumed either to have made due inquiry and ascertained the full extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a bona fide purchaser as against the holder of the right or title. Williams v. Brown, 15 N. Y. 354; Reed v. Gannon, 50 id. 345. * * * The fact, admitted upon the record, that none of the grantees had actual knowledge of the terms of this particular tenant’s lease is immaterial, and in no wise destroys the legal presumption of knowledge arising from the facts. It simply shows that the successive grantees were negligent. Each grantee, including these landlords, after accepting conveyances of the property, subject to the respondent’s tenancy and lease, and having by presumption of law full knowledge of the terms of such lease, accepted respondent’s attornment to them as landlords, and without exacting or making any new lease or agreement, received the rent as it became due. The result of this was a recognition and reaffirmation of respondent’s lease on the part both of the tenant and the landlords. It is well settled in this State that where a lease was originally invalid for *847 want of title in the lessor, and a subsequent purchaser or the holder of the true title accepts attornment from the lessee under the invalid lease, with knowledge of the terms and conditions of the lease, he validates the lease. Austin v. Ahearne, 61 N. Y. 6.”
The next question that occurs is, what was the status of the tenant at the end of the year of the lease, namely, on March 15, 1957? The lease provides for a two years’ option on behalf of the tenant but there is no provision as to any notice of such election. In such case, the rule is that the holding over by the tenant after March 15,1957, constitutes an election by the tenant to hold for the additional or extended term. (Voege v. Ronalds, 83 Hun 114; Tracy v. Albany Exch. Co., 7 N. Y. 472; Western Transp. Co. v. Lansing, 49 N. Y. 499; Kolasky v. Michels, 120 N. Y. 635; Smith v. Littlefield, 51 N. Y. 539; Pugsley v. Aikin, 11 N. Y. 494; Kelly v. Varnes, 52 App. Div. 100, 102, 103; Matter of Fritz v. City of New York, 125 Misc. 296.)
Accordingly, petition dismissed.